37605.   HAND *v.* HARRISON.

DECIDED APRIL 21, 1959.

430

*Sharpe & Sharpe*, for plaintiff in error.

*J. H. Highsmith, Gordon Knox, Jr.*, contra.

TOWNSEND, Judge. ■ "The general rule is well established that an independent contractor is not liable for injuries to a third person occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury result from the contractor's failure to properly carry out his contract. . . There are some modifications of this rule. Among them are cases where the work is a nuisance per se, or where it is turned over by the con-

tractor in a manner so negligently defective as to be imminently dangerous to third persons." *Young* v. *Smith & Kelly Co.*, 124 *Ga.* 475, 476 (52 S. E. 765, 110 Am. St. Rep. 186, 4 Ann. Cas. 226). This rule was applied in *Davey* v. *Turner*, 55 *Ga. App.* 786, 787 (191 S. E. 382), holding that the parent of a servant who was killed as a result of inhaling monoxide gas because of an improperly installed gas heater had an action against the contractor who negligently installed the heater without a vent.

The allegations of the petition sufficiently show that the defendant installed and connected up the warming tables; that the burners thereon were fed by a gas line concealed from view under the tables and the end of the gas line was left unplugged so that when the gas was turned on it escaped from the end of the line and caused the explosion, and that this resulted from the negligence of the defendant contractor in turning over to the Authority the gas equipment in a manner so negligently defective as to be imminently dangerous to third persons. We accordingly cannot agree with the contention of the defendant that the allegation that the gas line was left unplugged by the negligence of the defendant is a mere conclusion of the pleader. Should it appear on the trial of the case that the allegation is untrue, the plaintiff, of course, could not recover from this defendant. There are other imperfections in the pleading, which, however, do not authorize the plaintiff's cause of action to be chopped off in so summary a manner. The fact that the words "gas line" were written "gasline" in some places and "gasoline" in others does not render the petition completely unintelligible. The allegation that the burners were not used "at any time during that year" is ambiguous in not alleging whether the school year or the calendar year is meant; nevertheless, from all the facts pleaded it is obvious that the burners could not have been used with the feeder pipe completely unplugged, and it was alleged that the defendant left it so unplugged. The first count, accordingly, sets out a cause of action as against general demurrer and was improperly dismissed by the trial court.

■ Code § 105-106 provides: "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action

is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract." It is obvious that the plaintiff was not a privy to the contract between the defendant and the State School Building Authority, and that his right of action in tort is such a right as is discussed in count 1, and which he has independently of any contract. Count 2 attempts to predicate liability solely on certain contractual obligations which the defendant entered into with the governmental agency, as to the type of workmanship to be used and warranties against defects in workmanship. Those duties are such as arise solely out of the contract between the parties, and as to a breach of which the plaintiff could not recover unless he could recover for the same breach independently of the contract. Obviously a mere breach of warranty cannot create a cause of action. The trial court did not err in striking count 2 on demurrer.

■ The duty to prevent third persons from being injured by one's negligence is simply the duty to exercise ordinary care in not releasing upon the public a defective mechanism which the actor actually knows or must reasonably anticipate will be dangerous if defective. The amount of care to be used varies with the instrumentality dealt with; where it is inherently dangerous, more care is necessary in regard to it than where it is, according to common experience, a thing relatively harmless even when defectively constructed or negligently used. Therefore, what amounts to the exercise of ordinary care under all the circumstances is a question for the jury, but ordinary care, not extraordinary care, is still the yardstick. *Darden* v. *Mayor &c. of Washington,* 35 *Ga. App.* 777(3) (134 S. E. 813); *City of Sylvania* v. *Neesmith,* 97 *Ga. App.* 758 (104 S. E. 2d 522). Accordingly, count 3, which alleged that the defendant had the duty of exercising extraordinary care as to this plaintiff, was subject to demurrer and the trial court did not err in striking this count of the petition.

The trial court erred in dismissing count 1 of the petition, but did not err in sustaining the demurrers to counts 2 and 3.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*