## 52990. JAMES v. SEARS, ROEBUCK & COMPANY.

STOLZ, Judge.

This is an appeal by the plaintiff below from a directed verdict for the defendant in a negligence case.

" 'It is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them . . . except in plain and indisputable cases.' [Cits.]" *Savannah Ice Delivery Co. v. Ayers,* 127 Ga. App. 560, 561 (1) (194 SE2d 330) (1972). "Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178) (1970). The plaintiff's undisputed evidence established the prima facie elements of her claim and raised genuine issues of material fact to be resolved by the jury.

The trial court relied on the case of *Tolar Const. Co. v. Ellington,* 137 Ga. App. 847 (225 SE2d 66) (1976). This case was reversed by the Supreme Court, however (*Ellington v. Tolar Const. Co.,* 237 Ga. 235 (227 SE2d 336) (1976)), resulting in its merely upholding the principles hereinabove stated. Similarly, the case of *Simmons v. Classic City Beverages, Inc.,* 136 Ga. App. 150 (220 SE2d 734) (1975) is distinguishable on its facts.

The direction of the verdict for the defendant is reversed.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED NOVEMBER 1, 1976 — DECIDED DECEMBER 3, 1976 — REHEARING DENIED DECEMBER 17, 1976 —

*Greene, Buckley, DeRieux & Jones, James A. Eichelberger, Gregory J. Digel, Norma W. Bergman,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Michael T. Bennett,* for appellee.