59345. MANHEIM SERVICES CORPORATION v. CONNELL et al.

BANKE, Judge.
This is an interlocutory appeal from the denial of a motion for summary judgment filed by the defendant in a slip-and-fall case. The facts are undisputed. Defendant is

the operator of a weekly auto auction which plaintiff had regularly attended for five years prior to his fall. The auction is held in a barn-like structure with various lanes through which the vehicles enter to be sold. Between several of the lane entrances and parallel to the front of the building were brick walls, one of which the plaintiff fell over. The wall in question is located about five feet from the front of the auction barn, is 18-1/2 inches tall, 11-1/2 inches wide, and nearly 12 feet long. The wall had been in the same location during plaintiff's visits to the auction, and he had walked by it many times. The day in question was substantially like most Thursdays at the auction, except that plaintiff had more cars there to sell than usual and "more things to keep on . . . [his] . . . mind." Plaintiff's fall occurred at 2:30 p.m., and there is no evidence or allegation that lighting or weather conditions were factors. The complaint alleges that the defendant "knew or should have known that the attention of those attending the sales would be attracted to the sales being conducted and distracted by the excitement of these sales." *Held:*

"As a general proposition issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. [Cits.] The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and indisputable." *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336) (1976).

Plaintiff urges that activities attributable to defendant distracted him causing him to fall. However, the distraction alleged in this case is the very activity which brought plaintiff to the scene on this occasion and on all of the other occasions he had been present, i.e., the auction activity itself. There is no suggestion that this activity differed materially from any other Thursday auction which plaintiff had attended over the years. It is not alleged that defendant or one of his employees took any particular action which distracted the plaintiff. In short, there is no evidence of actionable negligence upon

which a recovery could be upheld. The plaintiff, by his own testimony, had his mind on other matters and fell over a wall which he had known was there for over five years. Under these circumstances, the defendant was entitled to summary judgment. Accord, *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623) (1973); *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7) (1971); *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (138 SE2d 77) (1964).

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 4, 1980 — DECIDED FEBRUARY 20, 1980.

*David A. Handley, Jonathan H. Waller,* for appellant.

*Earle B. May, Glenn Whitley,* for appellees.