## 67015. SEALY v. WESTERN BROADCASTING OF COLUMBUS, INC. et al.

QUILLIAN, Presiding Judge.

The plaintiff brought an action seeking to recover damages for personal injuries she received in an automobile collision. Following preliminary discovery, the defendants brought a motion for summary judgment based on the pleadings and certain depositions. The plaintiff filed her affidavit in opposition thereto. After a hearing, the trial judge granted the defendants' motions and entered judgment for them. The plaintiff appeals. *Held:*

Under the provisions of the Georgia Motor Vehicle Accident Reparations Act (OCGA Ch. 33-34 (Code Ann. Ch. 56-34B)) one insured in conformity with its requirements is "exempt from liability to pay damages for noneconomic loss unless the injury is a serious injury as defined in paragraph (13) of Code Section 33-34-2 [Code Ann. § 56-3402b]." OCGA § 33-34-9 (a) (Code Ann. § 56-3410b). Therefore, a "serious injury" as defined in OCGA § 33-34-2 (13) (Code Ann. § 56-3402b) constitutes the so-called "threshold" requirement which must be met in order to recover for pain and suffering, i.e., non-economic loss. *Williams v. Kennedy,* 240 Ga. 163, 165 (240 SE2d 51). The sole issue addressed on the motion for summary judgment was whether the plaintiff met this prerequisite. The issue was narrowed solely to whether she received an accidental injury resulting in a fractured bone, since the plaintiff's medical expenses did not exceed $500, and none of the other elements of "serious injury" were relied upon.

This question involved the following sequence of events. The automobile collision occurred on June 27, 1982. The following day plaintiff saw her doctor for several bruises plus injury to her left foot.

This was diagnosed as a "sprain." No X-ray examination was performed. On July 6, 1982, she again saw her physician and still complained of a sore left foot. On July 12, 1982, she fell in her driveway, she again went to her doctor who sent her for X-rays to be made and referred her to an orthopedic surgeon. After examination of the X-rays of plaintiff's foot, a fractured bone was discovered.

The defendants urge that the fracture resulted from plaintiff's fall on July 12; the plaintiff contends the broken bone resulted from the automobile collision.

We have carefully examined the proof considered by the trial judge and find it does not demand a finding that the fracture resulted from plaintiff's fall on July 12, 1982. Counsel for each of the defendants argue, in effect, that the proof as adduced establishes that the plaintiff cannot recover at trial; therefore, summary judgment was properly granted in their favor. One brief states: "The most that can be said is that the evidence as to causation of Appellant's 'fracture' is in a state of equipoise. Accordingly, as a matter of law, the Appellant can never carry her burden of proof as the plaintiff in the Court below." The other brief argues: "Construing the evidence most strongly in favor of the Appellant, the very most which can be said is that with regard to the cause of the broken bone, the evidence is in equipoise. That being true, if the case were at trial, the trial judge would be obligated to direct a verdict in favor of the Defendants, since the Plaintiff would have failed to meet her burden of proof by establishing the no-fault threshold by a preponderance of the evidence."

Although both defendants appear to recognize and acknowledge the fundamental concepts of summary judgments, they are misconstruing the most basic rule. The burden is on the defendant, as the moving party, to pierce the allegations of the complaint; until this is accomplished, there is *no* duty to present her entire case and *no* burden on the plaintiff. *Allen & Bean v. American &c. Ins. Co.,* 153 Ga. App. 617, 618 (266 SE2d 295); *Sapp v. ABC Credit &c. Co.,* 243 Ga. 151, 155 (253 SE2d 82).

Although it is often stated that the function of the court in ruling on a motion for directed verdict and one for summary judgment are analogous (*McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408)), in actuality this is not always true since: "The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case." *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147, 148 (3) (173 SE2d 114). Accord, *Ray v. Webster,* 128 Ga. App. 217 (196 SE2d 175); *Baxter v. Ga. Fed. &c. Assn.,* 152 Ga. App.

753, 754 (264 SE2d 242). In *Central of Ga. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795 (178 SE2d 710) this is explained as follows: " 'On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts.' " Here, regardless of the trial burden, the burden was on the defendants to establish as a matter of law that the fracture resulted from the injury sustained on July 12, 1982, not on June 27, 1982. The fact that the plaintiff's evidence proves nothing or that the evidence is concededly "in equipoise" does not carry the defendant's burden at this stage of the proceedings. *Reed v. Batson-Cook Co.,* 122 Ga. App. 803, 807 (3) (178 SE2d 728).

The trial court erred in granting the motion for summary judgment for the defendants.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 29, 1983 —
REHEARING DENIED OCTOBER 19, 1983.

*Lee R. Grogan,* for appellant.
*Ray L. Allison, Jerry A. Buchanan, Robert C. Martin, Jr., Kathelen Van Vlarcum,* for appellees.