## 68657. SPEAKS v. ROUSE COMPANY OF GEORGIA.
### (321 SE2d 774)

BIRDSONG, Judge.

Summary Judgment — Slip and Fall. The facts giving rise to this appeal show that the City of Atlanta suffered a major snow and ice storm in January 1982. Mrs. Irene Speaks lived in Decatur and because of the storm, was forced to remain in her home from the Tuesday of the storm until the next Sunday, when conditions had moderated sufficiently to allow her to travel from Decatur to Perimeter Mall, a distance of several miles.

Evidence developed during discovery indicated that on Sunday there was still snow and ice on the ground but that roads were substantially clear. Mrs. Speaks, with her husband, left her home in Decatur about 1:30 p.m. on Sunday afternoon with the temperature above freezing. They arrived at Perimeter Mall around 2:00 and parked in the parking lot. They noted the accumulated snow and ice about the parking area but the streets running through the parking area appeared to be free of ice and snow. However, the roads were wet from melting snow.

Mrs. Speaks acknowledged she was aware of the presence of unmelted snow and ice throughout the entire Atlanta area. She accordingly dressed warmly and wore shoes with rigid soles to give her better traction. Mrs. Speaks and her husband walked without mishap from their car across one of the thoroughfares leading through the parking lot, along a sidewalk and entered the shopping mall. She did not experience the presence of any snow or ice under foot during her walk, though the pavement on the roadway was noticeably wet.

The Speaks remained in the mall for approximately three hours, exiting about 5:00 p.m. At that time, it felt appreciably colder with

the temperature being between 30 and 32 degrees. The Speaks returned to their car via the same door they had entered the mall and walked down the same sidewalk that apparently was clear of all snow and ice and was dry. They then walked across the thoroughfare at about the same angle they had traversed when walking to the mall. Mrs. Speaks once again noted that the street was wet from melting snow. What was not apparent was that the colder temperature had caused a thin film of ice to form. As she walked across the road on the way to her car, Mrs. Speaks slipped and fell sustaining injuries. She brought this complaint against The Rouse Company alleging negligence on their part in not putting sand or salt on the parking areas or alternatively removing the natural accumulation of snow and ice, or in not warning their invitees of the potential hazards from refreezing water.

After discovery, The Rouse Company moved for summary judgment arguing that Mrs. Speaks' knowledge was at least as great as appellee's and Mrs. Speaks had assumed the risk by traversing the roadway knowing that freezing could have occurred. The trial court granted summary judgment to The Rouse Company. It is that grant which forms the basis of this appeal. *Held*:

We start with the position that the snow and ice that was present on the parking area of Perimeter Center was the result of a natural accumulation and there is no affirmative evidence that the owners of Perimeter Center performed any act to make the presence of the ice or snow more dangerous than it was in its natural state of accumulation. There is no real dispute that Mrs. Speaks was aware of the presence of water and the fact that the water could freeze. It is clear also that she appreciated the fact that freezing temperatures probably had returned. Nor is there any real dispute that unless one scraped the surface, the black asphalt beneath the frozen water wholly masked the fact (to any casual observer) that ice had formed. It is not likely the presence of sand or salt would have contributed any safety factor while the temperature was above freezing and while the roads were already clear of snow and ice. In fact it is arguable that the presence of salt and sand on clear streets might have contributed to a more unstable situation.

We must look to the duty of the owners to remove snow and ice which has accumulated naturally or to use substances to make roadways more passable. Previously this court has determined that the duty of an owner to remove snow or ice accumulations from his premises or walkways cannot be greater than the obligation of a municipality in relation to ice which forms on its sidewalks. Municipalities are not required to remove ice which forms from melting snow, except where obvious hazards are created by means other than the natural accumulation. *Auerbach v. Padgett*, 122 Ga. App. 79, 82-83 (176 SE2d

193); *City of Rome v. Potts*, 45 Ga. App. 406 (165 SE 131).

There being no affirmative duty on the part of Perimeter Center to remove the natural accumulation of snow and ice, nor to take actions designed to prevent the possibility of refreezing (depending upon the vagaries of the weather), the facts of this case do not authorize the finding that Perimeter Center was at fault as was true in *Telligman v. Monumental Properties*, 161 Ga. App. 13, 15 (288 SE2d 846). The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one rightfully on the premises. The true ground of liability is the owner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. In such cases, it is when the perilous condition is known to the owner or occupant and not known to the person injured that a recovery is permitted. *Harris v. Star Service &c. Co.*, 170 Ga. App. 816 (318 SE2d 239); *McIntyre v. Corporate Property Investors*, 160 Ga. App. 868, 869 (288 SE2d 584).

In this case, there is undisputed evidence that Mrs. Speaks had at least equal knowledge of the outside conditions and perhaps a better knowledge of the lowering of the temperature and the potential for a refreezing of the water on the roadway. Certainly, this case does not present a situation in which Perimeter Center knew of the potential hazard and Mrs. Speaks did not. See *Auerbach v. Padgett*, supra, p. 81. Compare *Telligman*, supra.

Mrs. Speaks in effect argues that Perimeter Center at least had constructive knowledge of the melting and refreezing water because it had not removed all the natural accumulation of snow and ice. However, Mrs. Speaks has not alleged any defect in the parking lot or the roadway which would cause a dangerous condition. Thus, there was nothing done nor failed to be done in relation to their property by Perimeter Center that could give it constructive notice that a hazard created by its negligence existed. Rather, Mrs. Speaks argues that Perimeter Center was negligent in failing to discover and remove, or protect against, the ice which caused her fall. This has already been decided adversely to her interests in *Auerbach*, supra, and *Hancock v. Abbitt Realty Co.*, 142 Ga. App. 739, 740 (236 SE2d 860).

Under the facts of this case, we find no error in the grant of summary judgment to appellee.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 5, 1984.

C. Lawrence Jewett, Jr., for appellant.
Wade K. Copeland, William E. Zschunke, for appellee.