69310. WESTALL v. M & M SUPERMARKETS, INC.

(329 SE2d 237)

BEASLEY, Judge.

This is an appeal from the grant of summary judgment to defendant in a slip and fall case.

Plaintiff-appellant Westall over a period of years had shopped many times at defendant-appellee M & M Supermarket and was fully aware that the sidewalk running across the front of the store had an inclined ramp in it in front of the entrance. On the evening in question when it was dark, appellant parked her car in the store parking lot and walked up on the sidewalk to the left of the store entrance and the ramp to put some trash in a trash can located there. After doing so, she walked to the right on the sidewalk toward the store entrance and claimed that on her third step her right foot stepped on the side of the ramp causing her to fall and sustain injury. In this action appellant alleged that appellee breached its duty to her by failing "to have proper lightings and markings in order to assure a safe entrance by customers" as herself. *Held*:

"[I]n order for appellant to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee, [Cit.]" *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342).

" 'The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition.' Under the conditions here set out, a person acting in the exercise of ordinary care for his own safety should have been aware that such a hazard to walking . . . would be likely to exist, and should have accordingly exercised ordinary care to avoid it . . . Her means of knowledge being equal with that of the defendant, it follows that she has failed to show a right of recovery based upon the acts of negligence alleged." *Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906-7 (81 SE2d 721).

As the evidence in the instant case indisputably shows that appellant was well aware of the ramp from her numerous prior visits to the store, her knowledge of its existence and configuration was equal to that of appellee. Accordingly, the trial court did not err in granting summary judgment to appellee. Compare, *Tolliver v. Hollingsworth*, 161 Ga. App. 118 (289 SE2d 272); *Backer v. Pizza Inn*, 162 Ga. App. 682 (292 SE2d 562); *Inglett v. Winn Dixie Greenville*, 168 Ga. App. 192 (308 SE2d 587); *League v. Marshall*, 169 Ga. App. 32 (311 SE2d 192); *Thomas v. Fabric Outlets*, 169 Ga. App. 175 (311 SE2d 852).

Appellant's invitation to overrule the authorities we rely upon is declined.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 7, 1985 —
REHEARING DENIED MARCH 26, 1985 —

*R. Kran Riddle*, for appellant.
*Jordan D. Morrow*, for appellee.