70059, 70060. LONG v. ADAMS; and vice versa.
(333 SE2d 852)

BENHAM, Judge.

Between 1982 and 1983, plaintiff/appellant Long and defendant/
appellee Adams, both unmarried residents of Cobb County, Georgia,
were involved in an intimate sexual relationship, in the course of
which appellant allegedly contracted genital herpes from appellee. In
1984, appellant filed a tort action against his paramour, claiming that
she negligently and intentionally infected him with the disease and
was therefore liable to him for the resulting injury. Appellant alleged
that appellee's actions constituted negligence, battery, and intentional
infliction of emotional distress, thus entitling him to special and puni-
tive damages.

At the time the suit was filed, appellee resided in Oklahoma, and
she was served with process pursuant to Georgia's Long Arm Statute
(OCGA § 9-10-91 (2)). Appellee's answer asserted, inter alia, that the
court lacked personal jurisdiction over her and that the complaint
failed to state a claim upon which relief could be granted. Responding
to her motion to dismiss/motion for summary judgment, the trial
court ruled that personal jurisdiction did exist but that the complaint
failed to state a claim upon which relief could be granted, and
granted appellee's summary judgment motion. Plaintiff/appellant
Long appeals from the adverse judgment; defendant/appellee Adams
cross-appeals from the finding of personal jurisdiction. Having consol-
idated the two appeals, we reverse the grant of summary judgment
and affirm the finding of personal jurisdiction.

1. Appellee contends that the trial court could not exercise juris-
diction over her because she, as a nonresident of Georgia, did not
have the requisite contact with the forum state. OCGA § 9-10-91;
Shellenberger v. Tanner, 138 Ga. App. 399 (227 SE2d 266) (1976).
She also argues that in light of the trial court's ruling that appellant
had no cause of action, personal jurisdiction was a legal impossibility.
In Division 2 of this opinion, we will address whether or not a cause
of action exists; however, at this juncture, we need only say that it
does exist, thus negating appellee's latter contention. As for the for-

mer, the record indicates that during the time period in which the alleged tortious conduct took place, appellee was a resident of Cobb County, Georgia, where the suit was filed. Under those circumstances, the trial court was authorized to exercise personal jurisdiction over appellee pursuant to OCGA § 9-10-91 in spite of her nonresident status at the time suit was filed. *Davis v. Peoples Bank of St. Marys*, 168 Ga. App. 383 (1) (308 SE2d 871) (1983).

2. Appellant enumerates as error the trial court's grant of summary judgment against him and its finding that he failed to state a cause of action. The question whether or not an unmarried person who contracts genital herpes from his unmarried sexual partner can sue for damages under a negligence theory being one of first impression in this state, we examined the relevant case law in other jurisdictions for guidance. In *Duke v. Housen*, 589 P2d 334 (Sup. Ct. Wy.) (1979), plaintiff/appellee Housen alleged gross negligence on the part of her sexual partner for infecting her with gonorrhea. The trial court rendered judgment in her favor after a jury trial, but the Wyoming Supreme Court reversed, finding that the statute of limitation had run before the action was filed. The court made it clear, however, that the cause of action was a valid one.

"At the very foundation of plaintiff's claim against defendant lie the principles of the law of tort. One who negligently exposes another to an infectious or contagious disease, which such other person thereby contracts, can be held liable in damages for his actions. [Cits.]" Id. at 340. The court went on to set out the necessary elements of an action founded on negligence as being: (1) a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure on his part to conform to the standard required; (3) a reasonable close causal connection between the conduct and the resulting injury; (4) actual loss or damage resulting to the interests of another. Id. at 334, 341.

To maintain a cause of action based on negligence in Georgia, a plaintiff must allege these same elements. *Lee St. Auto Sales v. Warren*, 102 Ga. App. 345 (1) (116 SE2d 243) (1960). Therefore, these elements will be examined individually within the context of this case.

First, what legal duty, if any, is owed by one sexually active person to another? The duty owed is the same one that every individual in this state owes another: the duty to exercise ordinary care not to injure others. Having established that standard of care to which appellee was required to conform, we move to the second element — failure to conform to the standard. Appellant alleged that appellee intentionally and negligently had sexual intercourse with him at times when she knew she was infected with genital herpes, a contagious ve-

nereal disease, and that he was not informed of her condition at the time the acts occurred. Since the record before us does not contain any sworn testimony to refute the allegations (although the existence of a deposition is alluded to), the trial court was required to regard the allegations in the light most favorable to the appellant, with all doubts resolved in his favor, on the appellee's motion to dismiss. *Harper v. DeFreitas*, 117 Ga. App. 236 (160 SE2d 260) (1968). Examining the complaint in that light, it can be said that appellee may not have conformed to the required standard of care. What amounts to the exercise of ordinary care under the circumstances is a jury question. *Hand v. Harrison*, 99 Ga. App. 429 (3) (108 SE2d 814) (1959). There being no evidence that absolutely resolved the issue, we conclude that the second element of an actionable negligence claim exists.

The penultimate element, a close causal connection between appellee's conduct and appellant's injury, is established. It is commonly known that herpes is a contagious and incurable disease, transmitted primarily by intimate sexual contact, although, as we will discuss later, appellee argues otherwise. Nowhere in the record does appellee assert that she did not have genital herpes during the period of her relationship with appellant. Rather, she argues that she was not obligated to disclose her condition to him. Since it is undisputed that appellee had the disease during the time in question, engaged in sexual intercourse with appellant, did not disclose her condition to him, and that he later contracted the disease, we can conclude that a causal connection existed between her conduct and his injury. We can also dispose of the last element, recognizing that appellant has suffered damage by being afflicted with an incurable disease.

In light of the foregoing analysis, we conclude that appellant stated a cause of action based on negligence. Since it does not appear to a certainty that appellant would not be entitled to relief under any state of facts which could be proved in support of his claim, appellee's motion to dismiss should not have been granted. *Harper*, supra. Nor should summary judgment have been granted, since there was no plain, palpable, and indisputable evidence in favor of either party. *Manheim Services Corp. v. Connell*, 153 Ga. App. 533 (265 SE2d 862) (1980).

It should be made clear that this court is not stating here that herpes victims have a specific duty to warn any person of their condition; however, they, like all citizens, are to be guided by those considerations which ordinarily regulate the conduct of human affairs, and they may be sued in this state for negligence in the omission to do something which a reasonable person would do. *Johnson v. Landing*, 157 Ga. App. 313 (1) (277 SE2d 307) (1981). Of course, the question whether or not a person acted negligently must be viewed in light of

facts commonly known and within the factual context of each case. *Allen v. Gornto*, 100 Ga. App. 744 (112 SE2d 368) (1959).

3. The trial court, in its order dismissing appellant's complaint, stated that "[a] plaintiff who receives an injury as the result of violating a criminal statute cannot be said to possess a 'private legal right.' The court finds that there is no valid basis in law for the duty which the plaintiff seeks to impose." Appellant enumerates those holdings as error, and we agree. Appellant and appellee, both unmarried adults, engaged in consensual sex in violation of the criminal fornication statute, OCGA § 16-6-18. Appellee contends that appellant is therefore precluded from pursuing his civil action for damages against her due to his intentional violation of the criminal law.

It is well established that a person can recover in tort for injury suffered as a result of his own criminal activity. See *McKinsey v. Wade*, 136 Ga. App. 109 (220 SE2d 30) (1975). " 'The theory upon which an injured party is debarred of a right to recover when injured while engaged in the performance of an illegal or criminal act rests, not upon the ground that he is performing an illegal or criminal act, either alone or jointly with the defendant, but upon the ground that his conduct is negligent and is the proximate cause of his injury . . .' " *Allen v. Gornto*, supra, at 751.

Since the few facts we have do not prove that either party was negligent, there is no basis for debarring appellant from recovery at this stage of the proceedings. Moreover, to extend the trial court's ruling to its logical conclusion would prevent, for example, pregnant, unmarried, women from recovering their expenses for pregnancy and childbirth from the fathers of their children, contrary to the public policy of this state. While we do not here condone the sexual mores of our time, neither can we ignore the realities of present day life, disheartening though they may be. A New York court, faced with similar circumstances, held that although it appeared that the sexual encounters of a married man and an unmarried woman constituted the crime of adultery, the woman could maintain a civil action against her partner for his negligent misrepresentation of sterility, on which she relied to her detriment. The court found that since the innocent spouse was not a party to the action, the equitable doctrine of "clean hands" was inapplicable. The defendant was held liable for the costs of his paramour's abortion, including lost work days and pain and suffering. *In re Alice D. v. William M.*, 113 Misc. 2d 940 (450 NYS2d 350) (1982).

In light of the foregoing and our conclusion in Division 2 that appellee owed a legal duty to appellant, we hold that the trial court's conclusions were erroneous.

4. As noted earlier, appellee argues that genital herpes is not a disease, but that if it is, appellant produced no evidence that it is

infectious, incurable, and venereal in nature. She asserts that it is by law not a venereal disease, because it is not included in OCGA § 31-17-1. We reject this argument, as did the court in *Kathleen K. v. Robert B.*, 150 Cal. App. 3d 992 (198 Cal. Rptr. 273) (1984). "[Appellee's] argument that genital herpes is not a venereal disease is unpersuasive. Although herpes is not listed among the venereal diseases covered by [OCGA § 31-17-1] . . . that section was enacted in [1964], long before herpes achieved its present notoriety. We are not inclined to bar appellant's cause of action on the basis that genital herpes is not a venereal disease. It is a disease that can be propagated by sexual contact. Like AIDS it is now known by the public to be a contagious and dreadful disease." Id. at 276, fn. 3.

In accordance with the public policy of this state to reduce the incidence of venereal diseases, the injury appellant allegedly suffered is one for which he should be compensated if the case can be properly proved. "Appellant has alleged that [he] sustained physical injury due to [appellee's] tortious conduct in either negligently or deliberately [infecting him] with venereal disease. The disease which appellant contracted is serious and [thus far] incurable. The tortious nature of [appellee's] conduct, coupled with the interest of this state in the prevention and control of contagious and dangerous diseases, brings appellant's injury within [the sphere of compensable physical injury]." Id. at 276.

*Judgment reversed in Case No. 70059. Judgment affirmed in Case No. 70060. Banke, C. J., concurs in Division 1 and in the judgment only as to Division 2. McMurray, P. J., concurs in the judgment only.*

DECIDED JULY 8, 1985 —
REHEARING DENIED JULY 23, 1985 — ▮▮▮▮▮▮

*Michael L. Marsh, Samuel D. Hicks*, for appellant.
*Michael J. Kramer*, for appellee.