71904. PYE DATSUN, INC. et al. v. GAS, INC.
(339 SE2d 791)

BANKE, Chief Judge.

The appellants, as the owners and lessees of certain premises which were destroyed by fire, sued the appellee, a distributor of propane gas, alleging that the fire was caused by its negligence. This appeal is from a judgment entered on a jury verdict in favor of the appellee.

A consulting engineer testified that the fire probably had resulted from over pressurization in a propane gas line, caused by an accumulation of debris in the line. This witness opined that an in-line filter would have stopped the debris from accumulating but testified that no such filter had ever been designed or manufactured and that a failure to utilize one was not a deviation from present industry standards. The appellants' sole enumeration of error concerns the trial court's direction of a partial verdict in favor of the appellee with regard to their allegation that the appellee's failure to install such a filter constituted negligence. *Held*:

Even with regard to potentially dangerous instrumentalities, such as gas and electricity, the requisite standard of care is that of ordinary care under the circumstances. See *Hand v. Harrison*, 99 Ga. App. 429 (3) (108 SE2d 814) (1959). See also *Lemming v. J. P. Roberts & Sons*, 130 Ga. App. 564 (203 SE2d 898) (1974). The record and transcript in the present case contain no basis whatever for a conclusion that the appellee's failure to devise or install an in-line filter constituted a lack of ordinary care. Accordingly, the evidence, with all

reasonable deductions therefrom, demanded a verdict in favor of the appellee as to this issue. See generally OCGA § 9-11-50 (a). It follows that the trial court did not err in so ruling.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986.

*Warren N. Coppedge, Jr., Michael C. Cherof, E. Crawford McDonald*, for appellants.
*William Q. Bird, Edward R. Still*, for appellee.