### 71261. WHITE v. FRED F. FRENCH MANAGEMENT COMPANY, INC.
#### (340 SE2d 276)

SOGNIER, Judge.

Audrey White brought suit against Fred F. French Management Co., Inc. for personal injuries received when she tripped and fell down stairs maintained by the management company. White appeals from the trial court's grant of summary judgment in favor of the management company.

Appellant fell outside her place of employment while walking down a flight of four steps maintained by appellee, when the heel of one of her shoes caught on the top or second to the top step of the stairs. A metal strip, 1-1/2 to 2 inches wide with adhesive strips similar to sandpaper, was affixed to the edge of each step. Each metal strip contained a groove, 1/4 inch wide by 1/4 inch deep, extending the length of the metal strip and which served as a drainage channel for rainwater. Appellant contends her fall resulted when the edge of her shoe heel caught in this 1/4 inch groove. Appellant testified that she had traversed these steps two and sometimes four times each work day for two to three months prior to her fall but that she had never noticed the metal strip before. Similarly, she stated she had not paid any attention to the groove in the metal strip. However, no evidence controverts testimony by William Hicks, regional claims manager of appellee's insurance company, that the grooves could be seen by one standing at the bottom of the stairs and looking at the steps and that it was not necessary to bend over or get down close in order to see the grooves.

Appellant contends the trial court erred by granting summary judgment to appellee because questions of fact exist concerning the dangerous condition of the groove in the metal strip and appellant's knowledge of that danger. "[I]n order for appellant to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee, [cit.]." *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981). " ' "The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." Under the conditions here set out, a person acting in the exercise of ordinary

care for his own safety should have been aware that such a hazard to walking . . . would be likely to exist, and should have accordingly exercised ordinary care to avoid it . . . Her means of knowledge being equal with that of [appellee], it follows that [appellant] has failed to show a right of recovery based upon the acts of negligence alleged.' [Cit.]" *Westall v. M & M Supermarkets*, 174 Ga. App. 155 (329 SE2d 237) (1985).

The evidence in this case clearly puts it within the line of cases involving the "plain view" doctrine. See *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113 (321 SE2d 830) (1984); *Durrance v. Bacon County Hosp. Auth.*, 172 Ga. App. 1 (321 SE2d 767) (1984); *Inglett v. Winn-Dixie*, 168 Ga. App. 192 (308 SE2d 587) (1983). In view of uncontroverted evidence that appellant had successfully navigated these stairs some 300-350 times over a 2-3 month period prior to her fall, we find no merit in appellant's attempt to raise questions of fact under the "distraction theory" on the basis that appellant had been prevented from observing the alleged hazardous stairs due to the presence of other people traversing the stairs. Compare generally *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (1) (263 SE2d 171) (1979). Therefore, the trial court's grant of summary judgment to appellee is affirmed. *Westall*, supra.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 4, 1986.

L. Lin Wood, Jr., John O. Moore, Eugene R. Kiser, for appellant.
Palmer H. Ansley, William R. Johnson, for appellee.