## 72336. ATKINSON v. KIRCHOFF ENTERPRISES, INC.
(351 SE2d 477)

BANKE, Chief Judge.

The appellant sued to recover for personal injuries she allegedly sustained when she slipped and fell outside a store owned by the appellee. She appeals the grant of the appellee's motion for summary judgment.

The appellant entered the appellee's store to have a prescription refilled and while there noticed that the appellee was undertaking a remodeling project. She exited with the intention of walking to another store located in the same shopping center but found the sidewalk blocked in that direction by a pile of construction debris. This debris, consisting of shelving and other material, had been placed on the sidewalk in connection with the appellee's remodeling project.

The appellant testified that she decided to attempt to traverse the debris rather than go around it because the latter alternative would have required her to walk into the street, which she described as heavily trafficked. She stated that the prospect of walking through the debris "was not an attractive one" and that she knew she would "have to be careful" in doing so. She maintains that she nevertheless slipped and fell on a sharp object while attempting to negotiate the debris, thereby injuring herself.

In determining that the appellee storeowner was entitled to summary judgment, the trial court found that the appellant had presented no evidence "that the [appellee] had actual or constructive knowledge of a danger" but had admitted "at least constructive knowledge [on her own part] of the existence of a hazardous condition. . ." *Held*:

In order to establish a right of recovery against a storeowner for negligently allowing a hazardous or defective condition to exist on the premises, a plaintiff-invitee must prove that the owner had superior actual or constructive knowledge of the existence of the condition and of the danger presented thereby. See generally *Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906-907 (81 SE2d 721) (1954); *Speaks v. Rouse Co.*, 172 Ga. App. 9, 11 (321 SE2d 774) (1984). However, to prevail on motion for summary judgment, the defendant in such a case, as movant, has the burden of proof and thus must establish the absence of such superior knowledge on its part, with all doubts and conflicts in the evidence being resolved in favor of the plaintiff. See generally *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973). *Sealy v. Western Broadcasting*, 168 Ga. App. 493, 495 (309 SE2d 633) (1983).

Although the plaintiff-appellant in the present case was obviously well aware both of the existence of the construction debris and of the need to exercise caution in attempting to traverse it, it does not follow that she was fully aware, as a matter of law, of the full extent of

the danger involved in doing so. It has repeatedly been held that "mere knowledge" of the existence of a dangerous or defective condition does not necessarily constitute "full appreciation of the risk involved." See, e.g., *Scott v. Rich's*, 47 Ga. App. 548, 551 (171 SE 201) (1933); *Goldsmith v. Hazelwood*, 93 Ga. App. 466, 469 (92 SE2d 48) (1956); *Pippins v. Breman*, 152 Ga. App. 226, 228 (262 SE2d 477) (1979). Indeed, there was a specific finding by the trial court that although the appellant knew the debris was on the sidewalk, "she may not have known of the dangerous sharp object concealed in the debris on which she stepped." Thus, the present case is distinguished from such cases as *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400 (343 SE2d 164) (1986); *White v. Fred F. French Mgt. Co.*, 177 Ga. App. 661 (340 SE2d 276) (1986); *Westall v. M & M Supermarkets*, 174 Ga. App. 155 (329 SE2d 237) (1985); and *League v. Marshall*, 169 Ga. App. 32, (311 SE2d 192) (1983), wherein the plaintiffs' injuries resulted from contact with structural fixtures whose presence was both obvious and static.

The appellee, on the other hand, may reasonably be presumed to have had at least constructive knowledge of the contents of the construction debris and the danger presented thereby, since it was responsible for placing the debris on the sidewalk. Compare *Rogers v. Atlanta Enterprises*, supra; *K-Mart Corp. v. Spruell*, 173 Ga. App. 884 (328 SE2d 577) (1985); *McGrew v. S. S. Kresge Co.*, 140 Ga. App. 149 (230 SE2d 119) (1976). It is well-settled that issues of negligence, diligence, contributory negligence, proximate cause, and assumption of risk are not to be decided by the court as a matter of law except in plain and indisputable cases. See, e.g., *James v. Sears, Roebuck & Co.*, 140 Ga. App. 859 (232 SE2d 274) (1976). The evidence of record in the present case does not establish indisputably that the appellant's knowledge of the danger involved in attempting to walk through the pile of construction debris was equal to or greater than the appellee's. Consequently, the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Benham, J., concur. Carley and Beasley, JJ., concur specially. Deen, P. J., Birdsong, P. J., Sognier and Pope, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I concur but not because the proof of superior knowledge was inconclusive. For me, the unresolved question for the jury is whether defendant's action presented plaintiff with two dangerous alternatives and, if it did, whether plaintiff acted with ordinary care in choosing the course which led to her injury. She was going to Sears, next door, to make a payment on her account during this weekly shopping trip.

Was she negligent in not going out in the busy street instead of

through the debris across the walkway? Or would prudence require abandonment of her errand at the other store altogether? Did she voluntarily assume the risk of traversing the debris in light of all the circumstances? Although the dissent offers that she could have exited another door at Gibson's, there is no evidence in the record that such a third alternative route, exiting a door that went to the back of the pharmacy, existed. While the layout was described in connection with a drawing, the drawing is not in the record, so it is not established that retracing her route and then exiting through that door would have avoided the debris. Even if that door was below the debris, there is no evidence it was accessible to her as a means for customer exit. Nor is there evidence that traveling by car was an available means at that point. If it was, was its choice demanded as a matter of law?

It appears that Georgia has not fully articulated the choice of two alternatives theory except in sudden emergency cases. See *Everett v. Clegg*, 213 Ga. 168, 169 (97 SE2d 689) (1957). As to choice of routes, see *Misenhamer v. Pharr*, 99 Ga. App. 163, 166 (1) (107 SE2d 875) (1959). The theory is set forth in 65A CJS 75, Negligence, § 122, especially p. 77; 40 AmJur2d 28, Highway, § 558; 57 AmJur2d 746, Negligence, § 344.

It has been recognized in Georgia, however, that one does not assume the risk if one's freedom of choice is restricted by either circumstances or coercion. *Myers v. Boleman*, 151 Ga. App. 506, 509 (3) (260 SE2d 359) (1979). Assumption of the risk involves voluntary conduct by plaintiff. *Whitehead v. Seymour*, 120 Ga. App. 25, 28 (4) (169 SE2d 369) (1969).

Where plaintiff of necessity must test a known danger, later authority tends towards permitting plaintiff to reach the jury where a necessity to use the "way" taken is shown. See *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984).

Here the act of defendant, in obstructing the sidewalk so as to create a hazard fraught with dangers to the public in its use of the sidewalk, confronted plaintiff with three choices. Whether she acted negligently in choosing the course taken, considering the circumstances and the alternatives, is a matter which should be determined by a jury. That she recognized or should have recognized the danger should not be dispositive; the question still remains, did she act negligently in light of it. As reiterated in *Myers v. Boleman*, supra at 508, "Questions of negligence, contributory negligence, cause and proximate cause, whose negligence, what negligence, including lack of care in avoiding the consequences of another's negligence, are, except in plain, palpable and indisputable cases, solely for jury determination." What amounts to the exercise of ordinary care under the circumstances is a jury question. *Hand v. Harrison*, 99 Ga. App. 429 (3) (108 SE2d 814) (1959). There is no evidence which absolutely resolves that

issue as a matter of law. Thus, summary judgment would not be authorized. *Manheim Svcs. Corp. v. Connell*, 153 Ga. App. 533 (265 SE2d 862) (1980).

I am authorized to state that Judge Carley joins in this special concurrence.

SOGNIER, Judge, dissenting.

Appellant exited one of several doors to appellee's store with the intention of walking down the sidewalk to the neighboring Sears store. The 8 to 10 foot wide sidewalk which fronted appellee's store was abutted by a row of occupied parking spaces. Beyond the parking spaces was a well trafficked road. A 15-foot span of the sidewalk in between the door where appellant exited in the direction of the Sears store was littered sporadically with shelving and other building materials from a remodeling project in appellee's store. Appellant decided "to pick" her way through the scattered building material and began walking on the debris. Appellant stepped on a sharp object in a pile of building debris which pierced the open toed sandals she was wearing, causing her to fall. Appellant sued.

The majority reverses the trial court's grant of summary judgment in favor of appellee on the basis that because appellant was not aware of the sharp object present in the building debris, her knowledge of some danger involved in crossing the building debris did not constitute a full appreciation of the danger appellant voluntarily undertook. The specially concurring members of the Court would reverse on the basis that appellant did not voluntarily assume the risk but instead was coerced by "necessity" into testing a known danger. I cannot agree that either theory fits the facts in the case sub judice and therefore I respectfully dissent.

" ' "The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." ' [Cit.]" *Telligman v. Monumental Properties*, 161 Ga. App. 13, 14 (288 SE2d 846) (1982). See also *Thomas v. Fabric Outlets*, 169 Ga. App. 175, 176-177 (311 SE2d 852) (1983). The majority reasons that because appellant did not know of the specific danger posed by the sharp object in the building debris, her "mere knowledge" of the existence of the danger posed by the debris did not constitute "full appreciation of the risk involved" in traversing the debris. The record reflects that appellant saw and recognized the nature of the debris on the sidewalk and acknowledged the need for care in traversing such material. "[T]he evidence shows the plaintiff was well aware that the

concrete [sidewalk] was covered with heavy [building debris], and by walking thereon she assumed any risks incident thereto and was guilty of such lack of ordinary care for her own safety as would prevent a recovery. [OCGA § 51-11-7]. . . . While, ordinarily, knowledge of a defect is not necessarily knowledge of danger inherent in the defect [cit.], we think that knowledge of loose [building debris] in a concrete [sidewalk] is obviously knowledge of probable danger of [encountering sharp objects and] slipping when walking thereon." *Wade v. Roberts*, 118 Ga. App. 284, 287 (163 SE2d 343) (1968). See *Bowman v. Richardson*, 176 Ga. App. 864, 865 (338 SE2d 297) (1985) (actual knowledge of risk posed by slippery manhole not necessary where plaintiff aware entire sidewalk was wet). In the absence of any evidence to the contrary, it is presumed that appellant is a person possessing ordinary intelligence to whom the risk attendant upon· traversing building debris would be clearly obvious. See *City of Rome v. Baker*, 107 Ga. 347 (33 SE 406) (1899) (risk of walking down plank spanning sidewalk construction); see *Smith v. Bel-Arbor, Inc.*, 121 Ga. App. 739 (175 SE2d 146) (1970) (risk of walking down recently mopped floor). Thus, in view of appellant's knowledge of the danger posed by the accumulated construction debris, I cannot agree with the majority that appellant's lack of actual knowledge of the particular sharp object in the debris means appellant did not fully appreciate the risk she undertook.

The cases cited by the majority, *Scott v. Rich's*, 47 Ga. App. 548, 551 (171 SE 201) (1933), *Goldsmith v. Hazelwood*, 93 Ga. App. 466, 469 (92 SE2d 48) (1956) and *Pippins v. Breman*, 152 Ga. App. 226, 228 (262 SE2d 477) (1979), for the proposition that mere knowledge of the existence of a danger does not necessarily constitute full appreciation of the risk involved, are not applicable here. Persons of ordinary intelligence have, by habit and practical experience, come to recognize and appreciate various commonplace hazards associated with modern living. One of the most familiar of these daily hazards is staircases. Stairs, unlike piles of construction debris, are not in and of themselves dangerous and an appreciation of some risk in traversing stairs is not necessarily a full appreciation that a particular step has been worn slick (*Scott*, supra), or that tears are present in the carpeting on the step (*Goldsmith*, supra), or that an inordinate amount of rain water has accumulated on the landing of a staircase (*Pippins*, supra). In the case sub judice, appellant was not lulled by any everyday familiarity with building debris on sidewalks into subconsciously acknowledging but consciously ignoring the imminent danger traversing such debris posed. It is for this reason that I find *Scott, Goldsmith*, and *Pippins*, supra, distinguishable.

Furthermore, the record is devoid of any evidence indicating that appellee's knowledge of the specific danger lurking in the building

debris was superior in any respect to that possessed by appellant. Both parties knew the debris on the sidewalk was composed of building materials from the remodeling project in appellee's store. Although appellee, as the party who placed the materials on the sidewalk, may have had constructive knowledge that the building debris contained objects which when stepped upon could pierce the soles of open toed sandals, appellant's knowledge of the contents of the debris was equal, if not superior to appellee's, considering that she was in a position to observe the dangerous makeup of the debris, to probe the material before treading upon it and to take appropriate care. Although the equal knowledge/superior knowledge rule has been challenged as being "illogical, untenable and distortive of the issues in a negligence case," *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 46 (2) (332 SE2d 304) (1985), this court continues to adhere to the principle that the true ground of the proprietor's liability is his superior knowledge, *Bright v. Food Giant*, 177 Ga. App. 641, 642 (340 SE2d 272) (1986), because "[w]here the knowledge is truly equal, and not mitigated by some justifying emergency, the rule is that the plaintiff is 'equally guilty of a lack of ordinary care in voluntarily subjecting himself to the risk, and can not recover.' [Cit.] The basis of this rule is the plaintiff's own duty to exercise ordinary care for his own safety, and his duty to avoid the effect of the proprietor's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. 'He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him. [Cits.]' [Cit.]" *Colbert*, supra at 47.

The basis for the special concurrence's argument is that the "justifying emergency" exception, referenced in *Colbert*, supra, is applicable here to mitigate appellant's decision to hazard a known risk. The "sudden emergency" line of cases, involving split second reactions taken by automobile drivers faced with another's negligence, are distinguishable from the case here, compare *Whitehead v. Seymour*, 120 Ga. App. 25, 28 (4) (169 SE2d 369) (1969), as are the landlord-tenant cases in which the hazard was knowingly assumed by the tenant because no alternative presented itself. See *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269, 270 (235 SE2d 601) (1977). In the case sub judice, nothing in the record indicates that appellant's decision to assume the risk of traversing building debris was the coerced result of any emergency or necessity whatsoever. See *Smith*, supra.

By appellant's own admission, there was no pressing reason, no emergency, which required her to visit Sears on that day and at that time. Nor does the record support appellant's argument that there was coercion prompting which path she was required to take to reach her destination. Appellant's automobile was parked nearby, enabling

her to drive to Sears; appellant could have exited appellee's store by means of the other main exit and approached Sears from the opposite side; or appellant could have "picked" her way between the cars parked between the sidewalk and the street, assuming there was not enough space at the rear of the cars in the parking spaces to walk behind them without stepping on the trafficked street itself. Or, as the special concurrence suggests, appellant could have postponed her visit to Sears to a more propitious time.

By the characterization of the decision appellant faced as a choice between walking in a heavily trafficked road or traversing the building debris, appellant and the special concurring members of the Court seek to represent appellant as having been placed between the horns of a dilemma. It is a false dilemma, unwarranted by the facts, and thus constitutes a material fallacy to appellant's argument. Rather than indicating a decision coerced by circumstances, appellant's actions indicate that her decision to visit Sears by traversing appellee's debris-covered sidewalk was made strictly as a matter of personal convenience, not necessity. Appellant chose to hazard the danger of the building debris because it was more convenient to her than the more time-consuming alternatives available. In *Baker*, supra, the plaintiff was denied recovery for injuries incurred when he fell off a plank spanning some sidewalk construction, the court noting "[t]hat there was no necessity is manifest, as the evidence discloses that *with little inconvenience* it was possible to descend from the sidewalk a few feet below the corner where the plank was situated. . . ." (Emphasis supplied.) Id. at 350. Thus, I cannot agree with the special concurring opinion that appellant was coerced by the circumstances or driven by necessity in a manner mitigating her knowing assumption of an obvious risk. Since I do not consider "necessity" to be an issue in this case, I need not address language in cases such as *Hearn v. Barden*, 115 Ga. App. 708, 710 (155 SE2d 649) (1967), in which it was stated that "*even though* the plaintiff alleged that the route chosen was one of necessity, yet where the plaintiff knew of the danger he assumed the risk and was guilty of such negligence as would bar recovery." (Emphasis supplied.)

Therefore, because appellant failed to exercise due diligence for her own safety, despite her recognition and appreciation of a known danger, I would affirm the trial court's grant of summary judgment in favor of appellee.

I am authorized to state that Presiding Judge Deen, Presiding Judge Birdsong, and Judge Pope join in this dissent.

DECIDED NOVEMBER 17, 1986 —
REHEARING DENIED DECEMBER 5, 1986 — 

*Bruce V. Durden, Kittrich R. Schilke*, for appellant.
*Julian B. Smith, Jr.*, for appellee.