74002. GERDES v. DZIEWINSKI.
(357 SE2d 110)

BANKE, Presiding Judge.

This is an appeal by the plaintiff from an order granting summary judgment to the defendant in a "slip-and-fall" case.

The plaintiff alleges that one morning while she was a tenant in an apartment complex owned by the defendant, she slipped and fell on some dirt and pine straw which had been strewn across the sidewalk leading from her building to the laundry room. In an affidavit filed in opposition to the summary judgment motion, she averred that

she had traversed the sidewalk three times that morning prior to her fall — once while taking her clothes to the laundry room, once while returning to her apartment from that trip, and once while walking back to the laundry room to pick up her clothes — but that she had seen no dirt or pine straw on the sidewalk on any of those three occasions. She stated that on her fourth trip, as she was returning from the laundry room with her clothes, she observed that there were pine needles littered across the sidewalk in such a way as to deny her "free and clear access to the stairs leading to [her] apartment." She maintained that although she attempted to walk "at a point where there was [sic] the fewest pine needles, [she] could not avoid stepping on a few," with the result that she turned her ankle on a small rock or pebble which was covered by the pine straw and fell, sustaining an injury to her hip.

The plaintiff testified that shortly before her fall she had observed a maintenance man, whom she identified by name, securing access to the basement of her apartment building through a hole in the foundation wall which had previously been filled with pinestraw. She stated that while carrying her clothes back to her apartment on her final trip from the laundry room, she observed that the worker was gone and that the pine needles were no longer in the hole.

In moving for summary judgment, the defendant relied on "any and all pleadings and other matters of discovery properly of record with the court," including, specifically, the plaintiff's deposition. However, the trial court has indicated that the deposition was not considered as evidence because it was never reviewed and signed by the plaintiff. *Held*:

1. The defendant has moved to dismiss the appeal on two grounds: (1) That the plaintiff failed to comply with an order entered by the trial court after the appeal was docketed directing her to review and sign her deposition within 15 days, and (2) that she has violated the rules of this court by failing to provide references to the record in support of the statements of fact contained in her brief. With respect to the first of these grounds, we are aware of no authority which remotely suggests that an appropriate sanction for a party's failure to comply with an order to review and sign a deposition might be the dismissal of his or her appeal. See generally OCGA § 5-6-48 (b). With respect to the second ground, we note that in *Justice v. Dunbar*, 244 Ga. 415 (260 SE2d 327) (1979), the Supreme Court held that an appellant's failure to make specific references to the record or transcript will not, in and of itself, warrant a summary refusal to consider an enumeration of error. Here, as in that case, the appeal is from a grant of summary judgment, the record is quite brief, and the appellant's failure to provide page references has not significantly impeded our ability to address any of the issues raised in the appeal.

Compare *Dugger v. Danello*, 175 Ga. App. 618 (2) (334 SE2d 3) (1985); *Cowart v. Webster*, 152 Ga. App. 542 (4) (263 SE2d 277) (1979). The motion to dismiss is consequently denied.

2. To establish that a property owner has negligently allowed a hazardous or defective condition to exist on his premises, it is necessary to show that the owner had superior actual or constructive knowledge of the existence of the condition and of the danger presented thereby. See generally *Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906-907 (81 SE2d 721) (1954); *Speaks v. Rouse Co. of Ga.*, 172 Ga. App. 9, 11 (321 SE2d 774) (1984). However, where the property owner, as the defendant in an action by a plaintiff-invitee to recover for such negligence, moves for summary judgment, the burden is on him as movant to negate the existence of superior knowledge on his part, with all doubts and conflicts being resolved in favor of the plaintiff. See generally *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973). *Sealy v. Western Broadcasting of Columbus*, 168 Ga. App. 493, 495 (309 SE2d 633) (1983). Additionally, where the evidence indicates that the property owner was responsible for causing the condition to be present on the premises, he may reasonably be charged with knowledge of its existence and of the alleged danger presented by it. See *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139 (351 SE2d 477) (1986). Compare *Speaks v. Rouse Co. of Ga.*, supra; *McIntyre v. Corp. Property Investors*, 160 Ga. App. 868 (288 SE2d 584) (1982); *Rogers v. Atlanta Enterprises*, supra.

The defendant in the present case has presented no evidence, by way of the plaintiff's deposition or otherwise, tending to negate the inference of superior knowledge which might reasonably be deemed to arise from the evidence that it was one of his workmen who placed the debris on the sidewalk. Rather, he relies on the plaintiff's testimony as establishing a full awareness on her part of the existence of the pinestraw and of the risk associated with walking across it. However, "mere knowledge" of the existence of a condition does not necessarily constitute "full appreciation of the risks involved." See, e.g., *Scott v. Rich's, Inc.*, 47 Ga. App. 548, 551 (171 SE 201) (1933); *Goldsmith v. Hazelwood*, 93 Ga. App. 466, 469 (92 SE2d 48) (1956); *Pippins v. Breman*, 152 Ga. App. 226, 228 (262 SE2d 477) (1979); *Atkinson v. Kirchoff Enterprises*, supra. Clearly, it has not been established as a matter of law in this case that the plaintiff voluntarily assumed the risk of slipping on an object hidden under the pinestraw, particularly since her affidavit suggests that the sidewalk may have been her only means of access to the stairway leading to her apartment. Cf. *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) (1977).

This court's decision in *Sumner v. Otasco, Inc.*, 175 Ga. App. 177 (333 SE2d 28) (1985), relied upon by the defendant, does not require

a contrary conclusion, as the plaintiff in that case simply walked into a lawnmower which was on display in full view outside the defendant's store. Nor do *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400 (343 SE2d 164) (1986), and *Herschel McDaniel Funeral Home v. Hines*, 124 Ga. App. 47 (183 SE2d 7) (1971), constitute authority for a contrary holding, in that the alleged defects involved in those cases were openly visible and obvious architectural features which were intrinsic to the premises. In *Forde*, the plaintiff walked into a metal housing containing air conditioning or other mechanical equipment which was attached to the side of a building. In *Hines*, the plaintiff stepped backwards off a six-inch ledge leading from the altar area of a funeral home to the chapel floor.

Because the defendant in the present case failed to establish as a matter of law that the plaintiff had at least equal knowledge of the existence of the material hidden under the pinestraw and the danger presented by the debris, we must hold that the trial court erred in granting his motion for summary judgment.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED APRIL 13, 1987 —
REHEARING DENIED MAY 1, 1987.

Phyllis Gerdes, *pro se.*
*Wade K. Copeland*, for appellee.