MICHAEL E. GRAY, Plaintiff-Appellee, v. A. K. ROY, Defendant (St. Mary's Hospital of Streator, Defendant-Appellant).

Third District    No. 3—86—0804

Opinion filed October 22, 1987.

SCOTT, J., dissenting.

Richard J. Berry, of Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa, for appellant.

Robert J. Sandner, of Safanda & Brannen, of St. Charles, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

On August 8, 1985, the plaintiff, Michael E. Gray, filed a two-count complaint against the defendant, A. K. Roy, M.D., seeking damages for injuries allegedly sustained as the result of medical malpractice. On July 18, 1986, the plaintiff obtained leave to file an amended complaint adding St. Mary's Hospital (hospital) as a defendant in count III. On November 12, 1986, the defendant hospital filed a motion to dismiss count III of the amended complaint, alleging the plaintiff failed to file an affidavit of merit as required by section 2—622(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)). The circuit court entered an order denying St. Mary's Hospital's motion to dismiss. St. Mary's Hospital has perfected an ap-

peal from this order pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308).

Section 2—622(a) provides that absent special circumstances not present here, in any action in which a plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff or his attorney must file an affidavit attached to the complaint declaring that the case was reviewed by a knowledgeable health professional who determined in a written report that there is a reasonable and meritorious cause for filing the action. Section 2—622(a) also requires that a copy of the reviewing health professional's written report be attached, and that the affiant declare that he concluded on the basis of the professional's review that there is a reasonable and meritorious cause for filing the action.

Section 2—622 also provides:

"(b) Where a certificate and written report are required pursuant to this Section a separate certificate and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time.

\* \* \*

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619.

(h) This Section does not apply to or affect any actions pending at the time of its effective date, but applies to cases filed on or after its effective date." Ill. Rev. Stat. 1985, ch. 110, pars. 2—622(b), (g), (h).

Section 2—622 became effective on August 15, 1985. The complaint against Dr. Roy was filed prior to August 15, 1985, but the amended complaint adding St. Mary's Hospital as a defendant was not filed until July 18, 1986, more than 11 months after the effective date of the statute.

■■ The issue presented to this court for determination is whether section 2—622 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) applies to a defendant named as a party after August 15, 1985, the effective date of the Act, where the original complaint was filed prior to August 15, 1985. We find that it does not and therefore affirm the order of the trial court.

■■ Subsection (h) provides that the statute does not apply to "any actions pending" at the time of its effective date, but it does apply to "cases filed" on or after the effective date. The hospital argues that this subsection is ambiguous because it contains two independent clauses, one with the phrase "actions pending" and one with the

phrase "cases filed," which have different meanings. It asserts that the section should be construed to require compliance with the new provisions in "actions" commenced on or after August 15, 1985, even if the "case" was filed before that date. The hospital also urges that certain principles of statutory construction should be applied in an effort to divine the true meaning of the statute. The plaintiff argues, and we agree, that the statute is in no way ambiguous so its meaning should be given effect without resort to supplementary principles of statutory construction. *People v. Singleton* (1984), 103 Ill. 2d 339.

That subsection (h) contains two clauses and uses the words "actions pending" in one clause and "cases filed" in the other clause does not create an ambiguity. Although the hospital argues that "action" and "case" have different meanings and that case is a broader, more general term, it acknowledges in its brief that Black's Law Dictionary defines "case" as "[a] general term for an action." (Black's Law Dictionary 195 (Rev. 5th Ed. 1979).) Therefore, the two terms are not inconsistent and should not be interpreted as if they had different meanings. This case was filed and the action was pending before August 15, 1985, the effective date, and therefore the statute does not apply. The trial court followed the clear language of the statute and correctly denied the hospital's motion to dismiss; the plaintiff was not obligated to satisfy the statutory requirements, regardless of the fact that a second defendant was named after the case was originally filed.

Examination of subsection (b) provides further support for this interpretation of the statute. The provision states: "Where a certificate and written report are required pursuant to this Section a separate certificate and written report *** shall be filed as to each defendant named at a later time." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(b).) The clear meaning of this subsection is that when a certificate and report are required, that is, in cases filed on or after August 15, 1985, certificates and reports must be filed as to all defendants. The obligations regarding later-named defendants apply only in cases in which certificates are originally required, however. Thus, the statute implies that in cases in which a certificate and written report are not required, that is, in cases filed before August 15, 1985, certificates and reports need not be filed as to defendants named at a later time. The provision ensures that in cases with multiple defendants, the plaintiff's obligations under this statute with regard to each defendant are the same and that the plaintiff's case is either entirely under the statute's coverage or is entirely excluded from its coverage. The plaintiff's action was filed before August 15 and, therefore, no

certificates or reports were required as to any of the defendants.

In summary, the trial court correctly found that because the case was originally filed prior to the effective date of the Act, it is unaffected by the statutory provisions. Because the plaintiff had no obligations under the new statute, denial of the hospital's motion to dismiss was proper. Accordingly, we affirm.

Affirmed.

BARRY, P.J., concurs.

JUSTICE SCOTT, dissenting:

In this appeal we are confronted with a situation where no effort has been made to file an affidavit of merit because plaintiff does not deem it necessary. The plaintiff's position is that his original complaint was filed prior to the effective date of section 2—622 and since no affidavit was required then, none would be required when he added an additional party defendant some 11 months after the effective date of section 2—622.

This court is confronted with the task of determining the meaning and intent of subsection (h) of section 2—622 of the Code of Civil Procedure, which in its entirety states:

"(h) This Section does not apply to or affect *any actions pending* at the time of its effective date, but applies *to cases filed* on or after its effective date." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—622(h).

This provision on its face appears to be clear, yet measured in the light of the circumstances present in the instant case, we find the language somewhat ambiguous. None of the parties to this appeal contend that an affidavit of merit should have accompanied the complaint when filed naming Doctor Roy as the sole defendant. At the time of this filing (August 5, 1985) the statute had not become effective. As noted, subsection (h) consists of a single sentence but contains two clauses. The first clause refers to "pending cases" and the second to "cases filed." Both clauses are directed at achieving a reduction of the filing of nonmeritorious and frivolous suits. Where an ambiguity is presented, reviewing courts should construe a statute so that no clause is rendered meaningless or superfluous. *In re Estate of Mulvaney* (1984), 128 Ill. App. 3d 133, 470 N.E.2d 11.

In the instant case the filing of the complaint on August 8, 1985, had the effect of giving birth to an action. Our Code of Civil Procedure provides: "Every action, unless otherwise expressly provided by

statute, shall be commenced by the filing of a complaint." (Ill. Rev. Stat. 1985, ch. 110, par. 2—201(a). See also *Jackson v. Navik* (1974), 17 Ill. App. 3d 672, 308 N.E.2d 143.) An action was commenced against the defendant Roy and is still pending. Neither clause of subsection (h) of section 2—622 had any impact on the case filed against the defendant Roy since the plaintiff commenced suit prior to the effective date of the Act. However, a different situation presented itself when St. Mary's Hospital was made a party defendant some 11 months after the Act became effective. Again referring to our Code of Civil Procedure, we find the following in section 2—406(c):

> "An action is commenced against a new party by the filing of an appropriate pleading or the entry of an order naming him or her party." Ill. Rev. Stat. 1985, ch. 110, par. 2—406(c).

The case of *Rice v. McCaulley* (1885), 12 Del. 226, 31 A. 240, though decided by the Delaware Court of Errors and Appeals over 100 years ago, is nevertheless viable in the determination of the appeal before this court. The Delaware court was called upon to construe a clause virtually identical to the first clause in section 2—622(h) of our Code of Civil Procedure. The statute in *Rice* provided as follows:

> "Sec. 1. No person shall be incompetent to testify in any civil action or proceeding whether at law or in equity, because he is a party to the record or interested in the event of the suit or matter to be determined, ***.
>
> Sec. 2. The provisions of this act shall not apply to any civil action or proceeding pending at the time of its passage." 12 Del. 226, 31 A. 240.

In *Rice* the defendant contended on appeal that he should have the benefit of the above statute, which was quite new. It was defendant's argument that he should have the benefit of the new statute because an action was not "pending" against him at the time it became effective. Under the then prevailing Delaware procedure and practice rules, the first issuance of summons constituted in law the commencement of an action. We are concerned primarily with the Delaware court's analysis and interpretation of the word "pending," which is as follows:

> "And in this case, which turns upon the interpretation of a recent statute of our state, and the meaning of the word 'pending' merely, as employed in it, we think we are warranted, for a like reason, in holding that it was employed, not in the technical sense of the Latin word 'pendens' in the rule, but rather in the sense of the word *'commenced'* in our language, in which

it is more generally understood. For although it is not a statute of limitations, the section of it in question was solely to limit and restrict, according to the meaning of the word 'pending' used in it, as we think, the initial operation and application of the act to civil actions or proceedings *commenced* after the passage of it; or, in other words, that it should not apply to any *commenced* before the time of the passage of it." (Emphasis added.) *Rice v. McCaulley* (1885), 12 Del. 226, 241-42, 31 A. 240, 244.

The first clause of section 2—622(h) provides that the section would not apply to or affect any actions pending at the time of its effective date. There was no action pending against St. Mary's Hospital on the effective date of August 15, 1985; however, upon becoming a defendant 11 months later, an action against the defendant hospital came into *esse*.

The defendant hospital argues that an affidavit of merit regarding the action against it should have been filed by plaintiff's attorney. The plaintiff, however, asserts that he complied with the law as it was at the time when he filed a case against defendant Roy and that, even if a new party is added after the law changed, he need not meet the requirements of the new law. To accept the argument of the plaintiff would defeat the intent and purpose of the legislation, which is to discourage frivolous and nonmeritorious suits for medical malpractice.

It should be noted that section 2—622(b) of the Code of Civil Procedure provides:

"(b) Where a certificate and written report are required pursuant to this Section a separate certificate and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time." Ill. Rev. Stat. 1985, ch. 110, par. 2—622(b).

The defendant hospital was a defendant named at a time subsequent to the filing of the complaint. The foregoing statutory provision provides that a written report (affidavit of merit) be filed as to each defendant named at a later date. This statutory provision, as well as all other provisions of the Code of Civil Procedure which includes those entitled "healing art malpractice," became effective August 15, 1985, which was 11 months prior to the date the defendant hospital was added as a party defendant. The failure to file such an affidavit erodes the legislative intent for the enactment of such legislation.

I fail to understand why the filing of the complaint, albeit correctly, serves to excuse the plaintiff from following the regulations concerning medical malpractice when they became effective. That the

74

plaintiff's complaint met the requirement of the law at the time it was filed does not give to it some magical qualities of a curative nature. I do not deem it to be a lodestar document possessing cosmic rays that would cure defects in subsequent procedural matters in the action which it commenced.