JOYCE BASSETT, Plaintiff-Appellant, v. CHEN CHII WANG *et al.*, Defendants (Jia Hsing Hwang, Defendant-Appellee).

First District (3rd Division)   No. 86—2913

Opinion filed April 27, 1988.

Herbert F. Stride, Ltd., and William J. Harte, Ltd., both of Chicago (William J. Harte, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (R. Dennis Rasor and Hugh C. Griffin, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

This appeal arises out of the trial court's granting of the motion to dismiss of defendant-appellee, Jia Hsing Hwang, M.D., against plaintiff, Joyce Bassett. Bassett named Dr. Hwang as a defendant in her amended complaint alleging medical malpractice. The motion to dismiss was based on plaintiff's failure to attach to the amended complaint the attorney's affidavit and report of a health professional as required by section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622).

For the reasons stated below, we vacate the judgment of the circuit court of Cook County and remand this cause for further consideration.

The relevant sections of the Code of Civil Procedure provide that in any action for medical malpractice the plaintiff must attach to the complaint an affidavit stating that he has consulted with a health professional in whose opinion there is a "reasonable and meritorious cause" for the filing of the action. In addition, the plaintiff must attach the written report of the health professional indicating the basis for his determination. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) Section 2—622(a)(2) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(2)) allows for a 90-day extension for the filing of the certificate and written report if the statute of limitations is near expiration. Section 2—622(a)(3) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(3)) provides that if the plaintiff is having difficulty obtaining necessary medical records, he is given 90 days upon receipt of the medical records in which to file the certificate and written report. Section 2—622(g) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g)) states that "failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." Further, section 2—622(h) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(h)) provides that the statute "does not apply to or affect any actions pending at the

time of its effective date, but applies to cases filed on or after its effective date." The effective date of the statute is August 15, 1985.

Plaintiff's original, single-count complaint was filed on June 18, 1985. The complaint alleges medical malpractice against a sole defendant, Dr. Chen Chii Wang (not a party to this appeal), occurring on or about April 10, 1984, at South Shore Hospital. Plaintiff's three-count amended complaint, filed on February 26, 1986, names two additional defendants, appellee, Dr. Hwang, and South Shore Hospital. The amended complaint sounds in negligence against each of the three defendants. The negligence allegedly arose out of the same medical treatment referenced in the original complaint.

On August 29, 1986, appellee, Dr. Hwang, filed a motion to dismiss the amended complaint against him for plaintiff's failure to comply with the requirements of section 2—622 (Ill. Rev. Stat. 1985, ch. 110, par. 2—622). At the September 19, 1986, hearing on the motion to dismiss, plaintiff's counsel tendered the report of Dr. David Petty and an affidavit of plaintiff's counsel. In response to the trial court's question regarding the date of the doctor's report, plaintiff's counsel stated that the date had been deleted from the report. The court noted for the record that the affidavit of plaintiff's counsel was notarized on the date of the hearing, September 19, 1986.

The court found that plaintiff failed to attach to the amended complaint the affidavit or report as required by section 2—622. Further, the court stated that, even if it excused submission of the affidavit, plaintiff still should have submitted the doctor's report within the 90-day period provided for in subsection (a)(3) of section 2—622 (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(3)). The court sustained defendant's motion to dismiss on the ground that plaintiff failed to bring any proof that she complied with section 2—622 prior to the September 1986 hearing.

In support of its decision, the court also cited subsection (h) of section 2—622 (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(h)), which provides that the statute does not apply to or affect any actions pending at the time of its effective date but applies to cases filed on or after its effective date. The court found that there was no action pending against appellee, Dr. Hwang, on or before the effective date of the statute, August 15, 1985. Appellee was named as a defendant only after the statute became effective, when plaintiff filed her amended complaint, on February 26, 1986. Therefore, the court stated, the statute applies to plaintiff's action against appellee, Dr. Hwang.

On appeal plaintiff asserts that the trial court erred in determining that section 2—622 (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) applies to

the cause of action against Dr. Hwang, since the original complaint was filed prior to the effective date of the statute. Plaintiff contends that since the action in the original complaint and the amended complaint arose out of the same conduct and alleges the same theory of liability, *i.e.*, negligence, a new cause of action was not added by the amended complaint. Therefore, plaintiff asserts, the amended complaint should have been deemed to relate back to the original complaint filed prior to the enactment date of the statute.

■ We hold that the trial court properly found that the statute applied to plaintiff's action against appellee, Dr. Hwang. The court was correct in finding that there was no cause of action pending against Dr. Hwang prior to the filing, in February 1986, of plaintiff's amended complaint, and that the amended complaint constituted a new cause of action or a new "case" against Dr. Hwang to which the statute applied. See *Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 342 N.E.2d 329.

The action against appellee, Dr. Hwang, was not "pending" before the effective date of the statute, August 15, 1985, for several reasons. First, the original, single-count complaint sounds in negligence solely against Dr. Chen Chii Wang. The amended complaint adds two new counts and two new defendants, appellee, Dr. Hwang, and South Shore Hospital. Each of the three counts of the amended complaint is directed toward a single defendant. Further, while each count sounds in negligence and the allegations in each arise out of the same circumstances, namely, the medical treatment administered to plaintiff at South Shore Hospital in April 1984, plaintiff's allegations against Dr. Hwang differ from the allegations brought against the other defendants. This difference supports a reasonable conclusion that separate causes or claims are brought against each defendant.

Additionally, plaintiff's amended complaint alleges a slightly different duty allegedly breached by Dr. Hwang than is alleged against codefendant Dr. Wang in the original or amended complaint. This difference supports the conclusion that plaintiff's allegations against appellee, Dr. Hwang, in the amended complaint constitute a new cause of action against Dr. Hwang, which is separate and apart from the cause of action against Dr. Chen Chii Wang, the sole defendant in the original complaint. Since the amended complaint was filed after August 15, 1985, the effective date of the statute, the statute's provisions apply to plaintiff's action against appellee, Dr. Hwang.

At oral argument in this matter, plaintiff cited *Gray v. Roy* (1987), 162 Ill. App. 3d 67, 515 N.E.2d 333, a recent decision of the Third District Appellate Court which held that section 2—622 does not apply

to a defendant named as a party after August 15, 1985, the effective date of the statute, where the original complaint was filed prior to August 15, 1985. (*Gray*, 162 Ill. App. 3d at 69.) We decline, however, to follow the reasoning and holding of the Third District court in *Gray*.

Plaintiff also contends on appeal that the trial court abused its discretion in dismissing the cause of action against appellee, Dr. Hwang, in view of the unique factual situation of the instant case and since Dr. Hwang suffered no prejudice. Plaintiff asserts that the language of section 2—622 does not mandate that failure to comply with its requirements will result in dismissal of the cause of action. Rather, the statute provides that failure to comply shall be grounds for dismissal. Plaintiff contends that to allow the dismissal of Dr. Hwang from this case where he suffered no prejudice would be unconscionable.

Appellee responds that the language of the statute which provides that failure to file the affidavit "shall be grounds for dismissal" is mandatory rather than permissive. Further, appellee contends that there can be no abuse of discretion where the legislature has not allowed for the exercise of discretion.

We note that after the date the parties filed their briefs in this matter but before oral argument was held, the Illinois Supreme Court handed down its decision in *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188. The parties had an opportunity to discuss the *McCastle* decision at oral argument, and appellee, Dr. Hwang, has filed a written reply to the *McCastle* case for the court's consideration in the instant appeal. In *McCastle*, the plaintiff's action for medical malpractice was dismissed with prejudice for failure to attach to the complaint the attorney's affidavit and health professional's report as required by section 2—622 (Ill. Rev. Stat. 1985, ch. 110, par. 2—622).

At the hearing on the defendants' motion to dismiss in the trial court, the plaintiff in *McCastle* argued that dismissal should be made without prejudice and he requested leave to file an amended complaint. The defendants asserted that section 2—622 requires that dismissals be with prejudice. They cited the portion of the statute that provides that "failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g).) The defendants argued that since dismissals under section 2—622 are pursuant to section 2—619 (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), which concerns defects and defenses that cannot be cured by amendment, rather than section 2—615 (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), which concerns defects and defenses which can

be cured by amendment, it therefore was the legislature's intent that section 2—622 dismissals be with prejudice.

■ The supreme court held, however, that in enacting section 2—622 (Ill. Rev. Stat. 1985, ch. 110, par. 2—622), the legislature did not intend to require dismissal with prejudice of a plaintiff's complaint where plaintiff failed to attach to the complaint the attorney's affidavit and the health professional's report. The supreme court relied on the legislative history of the statute. The court found, for instance, that the legislature intended that the trial court have discretion to grant leave to file an amended complaint where the plaintiff seeks to amend the affidavits in order to alter his theory of liability. The court found that it was unlikely that the legislature would allow for such discretion to the trial judge where the plaintiff seeks to proceed on a new theory of liability while requiring dismissal with prejudice for inadvertent omission of the affidavits, the scenario presented by the plaintiff in *McCastle*.

The supreme court found that the trial court apparently felt that it had no discretion but to dismiss the *McCastle* plaintiff's action with prejudice, and that the trial court viewed dismissal with prejudice as statutorily required. The supreme court noted that at the hearing on the motion to dismiss, the plaintiff stated that the required affidavit " 'could be filed and then made available to the court.' " The supreme court found that such a statement constituted an expression by the plaintiff of his desire that he be given leave to file an amended complaint. The court also stated that the decision whether to grant leave to amend the pleadings is within the sound discretion of the trial court. The supreme court vacated the trial court's order of dismissal and remanded the cause for further consideration.

In a special concurring opinion, Justice Miller, joined by Justice Ryan, agreed with the majority result, but stated that he would not rely on the legislative history in arriving at the result. The concurring opinion notes that section 2—622 states that the failure to provide the required affidavit is grounds for dismissal under section 2—619 of the Code. The concurring opinion looks to the language of section 2—619, which provides, "Defendant may, within the time for pleading, file a motion for dismissal of the action *or for other appropriate relief* upon any of the following grounds." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a).) The concurring opinion states that the language "other appropriate relief" has been interpreted to indicate that dismissal is not mandated or the only form of relief allowed for under section 2—619. (*McCastle v. Sheinkop*, 121 Ill. 2d at 195 (Miller, J., specially concurring, joined by Ryan, J.), citing *A. E. Staley Manufac-*

*turing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252.) Since section 2—622(g) incorporates the provisions of section 2—619, the concurring opinion concludes, the trial judge in *McCastle* was not automatically required to dismiss the action with prejudice for plaintiff's failure to submit the certificate required by section 2—622.

In view of the *McCastle* decision, we must consider whether the trial court in the instant case exercised its discretion in granting defendant-appellee's motion to dismiss. The trial judge considered the dates on which the complaint and the amended complaint were filed, and noted that the affidavit and doctor's report were not tendered to defendant's counsel until the date of the hearing on the motion to dismiss. The court stated that, even assuming it could excuse plaintiff's failure to attach the affidavit and report to the amended complaint, plaintiff should have filed the documents within the 90-day period provided in the statute for filing the affidavit and report where plaintiff has requested but failed to receive pertinent records. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(3).) The trial judge thus considered the plaintiff's failure to comply with the statute by failing to attach the documents to the amended complaint when it was filed, and then by failing to act diligently after the filing of the amended complaint to submit the medical report and attorney's affidavit.

■ It does not appear, however, that the judge was aware that he had the discretion to grant the motion to dismiss either with prejudice or without prejudice, or further, that he considered the possibility of "other appropriate relief" allowed for regarding dismissals pursuant to section 2—619. (See *McCastle v. Sheinkop*, 121 Ill. 2d at 195 (Miller, J. specially concurring, joined by Ryan, J).) In addition, the record indicates that at the hearing on the motion to dismiss, plaintiff's counsel tendered the required affidavit and doctor's report. The tendering of those documents can be considered an expression of plaintiff's desire for leave to amend her complaint. In light of *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, we must remand this cause for further consideration by the trial court, to allow for the full exercise of its discretion on this issue.

For the foregoing reasons, we vacate the trial court's order and remand this cause to the trial court for further consideration consistent with this opinion.

Order vacated and cause remanded.

McNAMARA and RIZZI, JJ., concur.