*In re* MARRIAGE OF MARY KAY FORAN, Petitioner-Appellee, and CHRISTOPHER P. FORAN, Respondent-Appellant.

Fourth District No. 4—91—0370

Opinion filed January 31, 1992.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant.

L. Keith Hays, Jr., of Monticello, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On April 22, 1991, the trial court dismissed with prejudice Christopher Foran's petition for relief from judgment. He appeals that dismissal, contending his petition for relief from judgment was the proper pleading for relief from the judgment entered against him. We affirm.

On July 29, 1988, the marriage of Mary Kay Foran and Christopher P. Foran was dissolved. As part of the property settlement, Christopher was to pay Mary Kay $20,050 in three installments, the first in the amount of $5,000 to be paid as soon as could reasonably be done after the property settlement order was entered. Christopher was to pay $9,000 on or before July 1, 1989, and $6,050 on or before January 1, 1990. When he failed to pay the second in-

stallment, Mary Kay filed, on September 5, 1989, a petition for adjudication of contempt seeking sanctions against Christopher for his failure to pay.

On September 18, 1989, Christopher filed the petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). In that petition, Christopher alleged Mary Kay knew she had genital warts prior to the dissolution of their marriage and concealed that fact from him. Christopher further alleged Mary Kay concealed the fact that this disease was sexually transmitted and was contagious to him and his partners. Christopher alleged he infected his present wife with the disease, necessitating the birth of their child by Cesarean section. Christopher sought an offset from the judgment entered against him pursuant to the property settlement in the amount of the medical expenses incurred by him and his current wife due to this disease.

On October 10, 1989, Mary Kay filed a response to the petition for relief from judgment. She admitted being diagnosed and treated for this disease but denied any diagnosis of the means of transmission. She further denied concealing the fact of her condition from Christopher and specifically alleged she informed him of her condition. Mary Kay admitted she referred Christopher to her doctor and believed Christopher was diagnosed and treated for the same disease.

No other action was taken on this petition until March 20, 1991, when Mary Kay filed a motion to dismiss Christopher's petition for relief from judgment for want of prosecution. Mary Kay alleged Christopher had failed to obtain a hearing date on his petition since October 10, 1989, and had also failed to engage in any discovery pursuant to the issues in the petition and response. Mary Kay sought the dismissal of Christopher's petition and further sought judgment against Christopher for $15,050 plus interest, representing the amounts past due on the second and third installments ordered under the property settlement which Christopher had failed to pay.

On April 22, 1991, a hearing was held on Mary Kay's motion to dismiss. The trial court noted local rule 2.1(j) of the circuit court rules (Rules of Practice of the Circuit Court, Sixth Judicial Circuit, Rule 2.1(j), eff. June 1, 1983), which allows a trial court to deem a motion withdrawn if the moving party fails to obtain an allotment for a hearing on the motion within 90 days of its filing. The trial court may also deny the relief requested with or without prejudice. However, it appears from the record the trial court did not rely on this rule when it dismissed Christopher's petition.

Christopher argued the delay in the case was caused by the unusual nature of the case and counsel's uncertainty on how to proceed in the matter. Christopher stated the delay was unintentional and asked the court to set another pretrial hearing for the parties to discuss a settlement. Mary Kay argued no action was taken on the case because Christopher was attempting to avoid a finding of contempt and an order to pay the money owed pursuant to the property settlement.

The trial court dismissed Christopher's petition, stating:

"The Court has read the Petition, and believes that the defendant may have, if he wishes, he may file an action to obtain damages from Mrs. Foran for the alleged act or harm that she is alleged to have caused him. However, the Court does not believe that the case at bar (88—D—53) is the place in which to gain relief from this alleged wrong committed on the defendant."

The trial court then entered judgment in favor of Mary Kay in the amount of $15,050 plus $2,186 interest. This appeal follows.

"This court has held that when a court is in the exercise of special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it and the court has no powers from any other source. [Citation.] In the exercise of special statutory jurisdiction, if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court." *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210, 486 N.E.2d 893, 895-96.

■ A court's jurisdiction in a dissolution of marriage action is conferred only by statute, and it must act within the statutory grant and may not rely upon its general equity powers. *In re Marriage of Garrison* (1981), 99 Ill. App. 3d 717, 720, 425 N.E.2d 518, 521; *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 60, 389 N.E.2d 1170, 1172-73.

Section 503 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 503) provides for the disposition of both marital and nonmarital property in a dissolution proceeding. Property to be characterized as "non-marital property" is specifically listed in section 503(a) of the Act while all other property acquired subsequent to the marriage is classified as "marital property." A court is to assign each spouse's nonmarital property to that spouse and divide the marital property in just proportions considering all relevant factors. Ill. Rev. Stat. 1989, ch. 40, par. 503(d).

■ However, nowhere in the Act is the court granted the authority to do what Christopher asked the trial court to do. In es-

sence, Christopher wanted the trial court to conduct a separate trial within the dissolution proceeding to decide the issue raised in his petition and determine the amount of damages, if any, owed to him by Mary Kay. Since the Act does not confer upon the court the power to conduct such a trial, within the context of the dissolution proceeding, the trial court correctly dismissed with prejudice Christopher's petition.

Christopher may be entitled to damages resulting from Mary Kay's conduct. Several States have recognized a cause of action sounding in tort for the transmission of a sexually transmitted disease. (See, e.g., Maharam v. Maharam (1986), 123 A.D.2d 165, 510 N.Y.S.2d 104; B.N. v. K.K. (1988), 312 Md. 135, 538 A.2d 1175; S.A.V. v. K.G.V. (Mo. 1986), 708 S.W.2d 651; Long v. Adams (1985), 175 Ga. App. 538, 333 S.E.2d 852; Mussivand v. David (1989), 45 Ohio St. 3d 314, 544 N.E.2d 265.) However, we agree with the trial court that the proper method of obtaining such relief would be a personal injury action against Mary Kay.

For clarification purposes, we note the prejudice attached to the dismissal of Christopher's petition applies only in the context of the dissolution proceeding. Neither the language utilized by the trial court in its ruling nor our language regarding the possibility of an action in tort either compels or precludes Christopher from pursuing such an action. We take no position on whether Christopher should pursue such an action or the outcome of any such action should he file one. The dismissal of Christopher's section 2—1401 petition for relief from judgment was not an abuse of discretion.

Affirmed.

GREEN, P.J., and STEIGMANN, J., concur.