STEVE RELANDER, Plaintiff-Appellant, v. PHOENIX MUTUAL LIFE IN-
SURANCE COMPANY *et al.*, Defendants-Appellees (Donald E. Bell *et al.*,
Plaintiffs).

Third District    No. 3—93—0830

Opinion filed June 3, 1994.—Rehearing denied July 11, 1994.

Samuel S. McHard, of Katz, McAndrews, Balch, Lefstein & Fieweger, of
Rock Island (Stephen T. Fieweger, of counsel), for appellant.

McLaughlin, Neagle, Hattery, Simpson & West, of Galesburg (Roger L.
Williamson, of counsel), for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The primary issue presented on appeal is whether the trial court
erred in refusing to allow the plaintiff to amend his complaint after a

summary judgment had been entered disposing of all the plaintiff's claims against the defendant, a Supreme Court Rule 304(a) finding of appealability (134 Ill. 2d R. 304(a)) had been made in connection with the summary judgment, and the time for appealing from that judgment had passed without the plaintiff filing a motion for leave to amend his complaint. We hold that under the facts of this case the trial court properly refused to allow the plaintiff to amend his complaint.

## FACTS

This case arose out of a conflict over the sale of real estate. The record shows that in December 1991, plaintiff Steve Relander received a letter from defendant Phoenix Mutual Life Insurance Co. listing numerous parcels of farm real estate for sale. The farm at issue was listed for $275,000. In mid-January 1992, Relander informed the vice-president of Phoenix, Bill Myers, that he had clients who wanted to buy the farm for $260,000. The two negotiated the terms of the sale. Myers prepared a sales contract entitled "Offer to Purchase Farm Real Estate from Phoenix Mutual Life Insurance Company" and sent the document along with a cover letter to Relander. The cover letter stated:

"Enclosed herewith are three copies of the proposed Offer to Purchase for your review. If as agreed, promptly have two copies dated, signed and return to us. *** We also need the earnest money check of $10,000 payable to Phoenix Mutual."

The document further provided that the offer shall be deemed accepted only when Phoenix executes the form of acceptance provided in the document. The document also stated that the broker agrees that no commission shall be considered earned or payable unless and until the sale is actually consummated by the recording of a deed from Phoenix to the purchaser.

After making several nonmaterial changes, Relander's clients, Donald and Verlie Bell, signed the "Offer to Purchase" and returned it to Phoenix along with $10,000. Myers received the Bells' check and the "Offer to Purchase," but that document was never signed on behalf of Phoenix. That same day, Myers spoke with Kevin Emerick (who had been renting the farm in question) and the two verbally agreed that Emerick would purchase the property for $261,000. Myers told Emerick to come into the office to sign a purchase offer and bring an earnest money check. Emerick eventually purchased the property.

Thereafter, Relander and the Bells filed this lawsuit against Phoenix alleging a written agreement for the purchase of real estate be-

tween the Bells and Phoenix. The plaintiffs also sued defendant Kevin Emerick. Emerick filed, *inter alia*, a counterclaim against the plaintiffs for tortious interference with contract. Judge Joseph Beatty granted Phoenix's summary judgment motion to dismiss the plaintiffs' complaint finding that the alleged contract to purchase was unenforceable under the Statute of Frauds (Ill. Rev. Stat. 1991, ch. 59, par. 1 *et seq.*) because Phoenix did not execute the document.

Thereafter, various motions for clarification and for reconsideration were filed. Relander's motion to reconsider the granting of summary judgment was denied on October 30, 1992, and the order denying the motion to reconsider contained a Rule 304(a) finding. In 1993, Judge Edward Keefe replaced Judge Beatty as trial judge for the case. On March 15, 1993, Judge Keefe entered an order clarifying a previous ruling made by Judge Beatty on Emerick's counterclaim. That ruling served to inform the parties that Judge Beatty's previous order should not be construed as having disposed of Emerick's counterclaim. On July 1, 1993, Relander filed his motion for leave to amend his complaint to allege *quantum meruit* for the services he rendered to Phoenix in procuring a ready, willing and able buyer. Relander filed this motion to amend eight months after the expiration of the 30-day period to file a notice of appeal from the denial of the motion to reconsider. Judge Keefe denied the plaintiff's motion to amend the complaint, finding that the summary judgment order rendered the proposed amended complaint *res judicata*. The court further ruled that language in the proposed contract providing that no commission could be paid unless the sale was consummated by "the recording of a deed" negated the cause of action in *quantum meruit*.

## ARGUMENT

On appeal, Relander argues that the trial court's *res judicata* finding was erroneous because the actual order granting summary judgment was not made final and appealable and that, even if it was, the court was still required to use its discretion in determining whether the amendment should be allowed.

## ANALYSIS

Because Rule 304(a) provides that the time for filing a notice of appeal begins to run "from the entry of the required finding" (107 Ill. 2d R. 304(a)), we must first decide the effect that the Rule 304(a) finding in the motion to reconsider had on the court's underlying order granting summary judgment. We note that an order denying a post-judgment motion is not itself a judgment, and it is not an ap-

pealable order. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610.) The *Sears* court explained that the underlying judgment and the post-judgment motion are closely related, and an appeal from the underlying judgment would carry with it the ruling denying the post-trial motion. The reverse of that principle has been found to be true as well. In *Ingle v. Hospital Sisters Health System* (1986), 141 Ill. App. 3d 1057, 491 N.E.2d 139, and *Enblom v. Milwaukee Golf Development* (1992), 227 Ill. App. 3d 623, 592 N.E.2d 190, the courts held that an appeal from a motion to reconsider which contained a Rule 304(a) finding should be treated as having been intended to cover the original judgment.

■ We believe that this rationale is sound. If a Rule 304(a) finding in a motion to reconsider was not treated as covering the original judgment, then the entry of the Rule 304(a) finding would be a meaningless act given that the post-trial motion is not in and of itself an appealable order. Relander makes the argument that we should treat the original judgment as an appealable order only when the party seeking appellate review requested the Rule 304(a) finding and then actually brought an appeal from the judgment. We can see no valid reason for such a distinction and therefore refuse to adopt the rule urged by Relander. Accordingly, we find that court's summary judgment order was final and became appealable, and that the time for appeal passed without Relander's having filed a notice of appeal.

Having determined that the summary judgment order dismissing the plaintiff's complaint was appealable, we now turn to the question of whether the trial court should have allowed Relander to amend his complaint some eight months after the time for appeal had passed. Relander argues that despite the fact that summary judgment had been entered on his complaint, the court should have considered the factors enunciated in *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774, to determine whether to allow the amendment.

We disagree. None of the cases cited by Relander involve a situation where a plaintiff was allowed to amend his complaint after a summary judgment had been entered disposing of all of the plaintiff's claims and a Rule 304(a) finding had been made in connection with the judgment and the time for appealing from that judgment had passed without the plaintiff filing a motion for leave to amend his complaint. The plaintiff relies heavily on *Loyola Academy v. S&S Roofing Maintenance, Inc.* (1992), 146 Ill. 2d 263, 586 N.E.2d 1211. However, that case is not on point. In *Loyola Academy*, the trial court granted summary judgment against the plaintiff on his complaint but did not make the order final and appealable under Rule

304(a) nor was the order otherwise appealable. The supreme court found after examining the *Kupianen* factors that the trial court abused its discretion in denying the plaintiff leave to file an amended complaint. *Loyola Academy* is not applicable here since it involved an unappealable summary judgment order.

Instead, we find that *Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 377 N.E.2d 161, is helpful. In *Sabath*, the plaintiff filed a multiple-count suit against a corporation and its individual officers and directors. The trial court eventually entered a summary judgment dismissing the claims against the individual defendants. The order contained a Rule 304(a) finding of finality and appealability. The trial court subsequently denied the plaintiff's attempt to amend the complaint by adding a count against the individual defendants who had been dismissed. In upholding the trial court's refusal to allow an amendment to the complaint, the *Sabath* court noted:

> "[T]he trial court's finding under Supreme Court Rule 304(a) was effective and the plaintiffs were required to appeal within thirty days from entry of the finding. [Citation.] This they [failed to] do. Accordingly, they are barred from pursuing any claim against the individual defendants which was adjudicated in that [summary judgment]. Since they are so barred, the trial court correctly refused to allow them to attempt to revive the claim by means of amending the complaint." 60 Ill. App. 3d at 1013.

While we are cognizant of the fact that the proposed amended count in *Sabath* involved the same claims as alleged in the count(s) upon which summary judgment had been entered, we note that in the present case the doctrine of *res judicata* similarly bars Relander from amending his complaint after the judgment became final and the time for appeal passed.

Under the doctrine of *res judicata*, a final judgment rendered by a court of competent jurisdiction on the merits of a cause of action is conclusive as to rights of the parties involved; the judgment as to parties and their privies is an absolute bar to a subsequent cause of action involving the same claim, demand or cause of action. (*People ex rel. Burris v. Progressive Land Developers, Inc.* (1992), 151 Ill. 2d 285, 602 N.E.2d 820; *Vance v. Chandler* (1992), 231 Ill. App. 3d 747, 597 N.E.2d 233.) The bar not only extends to the issues that were actually decided in the former proceeding but also to any other issues properly involved by the subject matter which might have been raised or decided. *City of Rolling Meadows v. National Advertising Co.* (1992), 228 Ill. App. 3d 737, 593 N.E.2d 551.

A cause of action consists of a single group of operative facts giving the plaintiff a right to seek redress for a wrongful act or omis-

sion of the defendant. (*Pierog v. H.F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 351 N.E.2d 249.) Although a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute but a single cause of action. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831 (where *quantum meruit* claim was barred by previous judgment on contract claim that alleged plaintiff was entitled to recover commission from the sale of stock).) The proper test to determine identity of causes of action is whether actions are based upon a common core of operative facts or whether the same evidence would sustain both actions. (*Horton v. Caterpillar, Inc.* (1994), 260 Ill. App. 3d 150, 153.) If the same facts are essential to maintain both proceedings or the same evidence is necessary to sustain the two, there is identity between the causes of action asserted, and *res judicata* bars the latter one. *Horton v. Caterpillar, Inc.* (1994), 260 Ill. App. 3d at 153.

■ Here, we find that there was an identity of causes of action between the contract claim and the *quantum meruit* claim and therefore Relander's *quantum meruit* claim is barred by *res judicata*. The single group of operative facts giving rise to Relander's claims involves the Bells' agreement to purchase the real estate on terms acceptable to the seller. The *quantum meruit* claim was merely an alternative theory of relief arising out of a single group of operative facts and could have been brought initially before the time to appeal the summary judgment order had passed. Accordingly, we find that the trial court did not err in refusing to allow Relander to amend his complaint to allege a *quantum meruit* claim.

Our resolution of this issue makes it unnecessary to decide the remaining issues raised by the parties on appeal.

For the foregoing reasons, the judgment of the circuit court of Mercer County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.