Laura SCHULLER and Stephen Schuller as Co–Administrators of the Estate of Marilyn Schuller, Deceased, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, and Takata, Inc., Defendant.

No. 94 C 2297.

United States District Court, N.D. Illinois.

Aug. 1, 1996.

---

Bruce Robert Pfaff, Law Offices of Bruce Robert Pfaff, Chicago, IL, for Laura Schuller and Stephen Schuller.

Louis Anthony Lehr, Lord, Bissell & Brook, Chicago, IL, Rodney E. Loomer, Sherry A. Rozell, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, MO, for GM Corp.

John Joseph Bullaro, Jr., Steven M. Pontikes, Thomas A. Carton, Bullaro, Carton & Stone, Chicago, IL, for Takata Inc.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiffs Laura Schuller and Stephen Schuller have filed a complaint against defendants General Motors Corporation and Takata, Inc. ("Takata"), alleging that a seat belt system designed, manufactured, and sold by defendants was unreasonably dangerous, and proximately caused the death of Marilyn Schuller. Plaintiffs were appointed co-administrators of Marilyn Schuller's estate, and brought this action pursuant to the Illinois Survival Act, the Illinois Wrongful Death Act, and the Illinois Family Expense Act.

Takata has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for plaintiffs' failure to file a certificate of merit as required by 735 ILCS 5/2–623 ("Section 2–623"). For the reasons stated below, this court denies Takata's motion.

### DISCUSSION

Section 2–623 requires a plaintiff's attorney in a product liability action to file an affidavit attached to the original complaint averring that the attorney has consulted and reviewed the facts of the case with a qualified expert. Failure to file such an affidavit can be "grounds for dismissal." 735 ILCS 5/2–623(e).

Plaintiffs filed their original complaint against General Motors prior to March 9, 1995, the effective date of section 2–623. Defendant Takata was added as a party for the first time, however, when plaintiffs filed their first amended complaint on December 21, 1995. Plaintiffs have not filed a section 2–623 affidavit for either defendant, and Takata has moved to dismiss.

Section 2–623(g) states, "This amendatory Act of 1995 applies only to causes of action filed on or after its effective date." Thus, the issue before the court is whether plaintiffs filed their "cause of action" against Takata prior to the effective date of the statute.

This court has found no cases which have decided whether section 2–623 applies to a defendant named as a party after the effective date of the statute where the original complaint was filed prior to the effective date. Several cases, however, have ruled on the same issue related to 735 ILCS 5/2–622 ("Section 2–622"), a statute similar to section 2–623 that requires a certificate of merit to be filed by plaintiffs in healing art malpractice cases.

In *Gray v. Roy,* 162 Ill.App.3d 67, 113 Ill.Dec. 524, 515 N.E.2d 333 (1987), the plaintiff filed a medical malpractice complaint against Dr. Roy prior to the effective date of section 2–622, and added a hospital as a defendant eleven months after the effective date of the statute. *Id.,* 113 Ill.Dec. at 525, 515 N.E.2d at 334. The plaintiff did not file a certificate of merit, and the defendant hospital moved to dismiss. Similar to section 2–623, section 2–622 "does not apply to or affect any actions pending at the time of the effective date, but applies to cases filed on or after its effective date." 735 ILCS 5/2–622(h).

Based on the "clear language" of the statute, the Illinois Appellate Court for the Third District held in *Gray* that the plaintiff was not obligated to satisfy the requirements of section 2–622, "regardless of the fact that a second defendant was named after the case was originally filed." *Id.,* 113 Ill.Dec. at 526, 515 N.E.2d at 335. Accordingly, the Third District upheld the trial court's denial of the hospital's motion to dismiss.

The Illinois Appellate Court for the First District, however, has found that section 2–622 does apply to a defendant named as a party after the effective date of the statute where the claim against the new defendant constitutes a different "cause of action" than the claim against the original defendant filed before the effective date. *Bassett v. Chen Chii Wang, M.D.,* 169 Ill.App.3d 663, 120 Ill.Dec. 109, 111, 523 N.E.2d 1020, 1022 (1988). The court reasoned that the plaintiff's allegations against the new defendant differed from those against the original one, and that the amended complaint alleged a "slightly different" duty breached by the new defendant. *Id.* Accordingly, the plaintiff's allegations against the new defendant in the amended complaint "constituted a new cause of action ... separate and apart from the cause of action" against the original defendant. Thus, section 2–622 applied to the amended complaint. *Id.*

As clarified by *Gray* and *Bassett,* section 2–622 applies to defendants named after the effective date of the statute only when the new claim states a different "cause of action" than the one in the original complaint filed before the effective date. Likewise, section 2–623 applies to "cause of action filed on or after" the effective date. 735 ILCS 5/2–623(g).

A "cause of action" consists of a "single core of operative facts which give rise to a remedy." *Alexander v. Chicago Park District,* 773 F.2d 850, 854 (7th Cir.1985). *Torcasso v. Standard Outdoor Sales, Inc.,* 157 Ill.2d 484, 193 Ill.Dec. 192, 195, 626 N.E.2d 225, 228 (1993). Further, the "proper test to determine identity of causes of action is whether actions are based upon a common core of operative facts, or whether the same evidence would sustain both actions." *Relander v. Phoenix Mutual Life Insurance Company,* 262 Ill.App.3d 525, 201 Ill.Dec. 512, 516, 636 N.E.2d 944, 948 (1994).

In the instant case, plaintiffs' claims against General Motors and Takata arise from the same "cause of action." Both claims involve the same operative facts: the performance of a particular seat belt in an automobile accident that resulted in the death of Marilyn Schuller. In fact, both claims allege that the seat belt was "inadequately designed, manufactured, and installed."

Unlike *Bassett,* plaintiffs' allegations against Takata do not differ from those against General Motors, and plaintiffs do not allege a different duty breached by the two defendants. Thus, plaintiffs' claims against both defendants constitute a single cause of action, which was originally filed before the effective date of section 2–623. The plain language of section 2–623 indicates that it does not apply to this case, and plaintiffs do not have to file a certificate of merit.[1]

The court in *Bassett,* cited to *Millsaps v. Bankers Life Company,* 35 Ill.App.3d 735,

---

**1.** Two cases have recently held that at least parts of section 2–623 violate the Illinois Constitution. *Panzer v. Owens–Corning Fiberglass Corp.,* Circuit Court of Cook County, No. 95 L 9815, Judge Gillis's order of May 22, 1996. *Stanton v. Rapid*

*America,* Circuit Court of Cook County, No. 96 L 1552, Judge Trafalet's order of May 31, 1996. Because the statute does not apply to the instant case by its own terms, there is no need for this court to reach the constitutional issue.

342 N.E.2d 329 (1976), which held, "A new cause of action first introduced by an amended complaint is regarded as a new suit commenced on the date the amended complaint was filed." *Id.*, 342 N.E.2d at 334. Based on the definition of "cause of action" discussed above, however, the holding in *Millsaps* does not apply because the instant case does not involve a "new" cause of action.

### CONCLUSION

For the reasons stated above, section 2–623 does not apply to this case, and Takata's motion to dismiss is denied. This matter is set for a report on status on August 28, 1996, at 9:00 a.m., at which time the parties should present a final discovery and pretrial schedule.